542 F.2d 1123
 Ray Arthur BAKER, Individually and A & R Lumber Sales, Inc.,
an Oregon Corporation, Plaintiffs-Appellants,
v.
SOUTHERN PACIFIC TRANSPORTATION, a Delaware Corporation,
Defendant-Appellee.
A & R LUMBER SALES, INC., an Oregon Corporation, Plaintiff-Appellant,
v.
SOUTHERN PACIFIC TRANSPORTATION, a Delaware Corporation,
Defendant-Appellee.
 Nos. 75-1783, 75-1784.
 United States Court of Appeals,
Ninth Circuit.
 Oct. 1, 1976.
 
 1
 Edward H. Warren (argued), of Hershiser, Mitchell & Warren, Portland, Or., for plaintiffs-appellants.
 
 
 2
 James H. Clarke (argued), of Dezendorf, Spears, Lubersky & Campbell, Portland, Or., for defendant-appellee.
 
 
 3
 Before TRASK and GOODWIN, Circuit Judges, and JAMESON,* District judge.
 
 JAMESON, District Judge:
 
 4
 This is a consolidated appeal in two cases involving a claim of A & R Lumber Sales, Inc. for damages to its truck in a collision with Southern Pacific Transportation Company's train. We conclude that in No. 75-1783 there was no judgment from which an appeal could properly be taken and dismiss the appeal without prejudice. In No. 75-1784 A & R failed to assert a compulsory counterclaim in a prior action, and we affirm the summary judgment of dismissal entered by the district court.
 
 Factual Background
 
 5
 On January 11, 1973 a Southern Pacific train collided with a truck owned by A & R, being driven by Ray Baker. Baker and Luse, a Southern Pacific employee, were injured, and both the truck and train were damaged.
 
 
 6
 Luse brought suit against Southern Pacific and A & R in an Oregon state court and recovered a judgment against them on July 9, 1974.
 
 
 7
 On June 18, 1973 Baker brought suit against Southern Pacific in an Oregon state court. Southern Pacific removed the action to federal district court and filed a counterclaim against Baker, joining A & R pursuant to Rule 13(h), F.R.Civ.P. At the conclusion of the trial the jury attributed 75% of the fault for the accident to Southern Pacific. On October 29, 1974 a judgment was entered in favor of A & R on Southern Pacific's counterclaim. In the meantime Baker had settled his claim against Southern Pacific.
 
 
 8
 On the day judgment was entered in Baker v. Southern Pacific, A & R brought suit against Southern Pacific in an Oregon state court for damage to its truck. Southern Pacific removed to federal court and moved for summary judgment on the ground that A & R's claim was a compulsory counterclaim involved in the prior action since it involved the same collision adjudicated against Southern Pacific on its counterclaim against Baker and A & R. Affidavits filed by A & R in opposition to the motion disclosed, inter alia, that A & R's liability insurer had handled A & R's defense of Southern Pacific's counterclaim in the Baker case.
 
 
 9
 On February 27, 1975, the district court granted Southern Pacific's motion for summary judgment in the suit filed by A & R. A & R then filed a motion in Baker v. Southern Pacific to amend its reply to Southern Pacific's counterclaim to add a claim for damages to A & R's truck.[1] A magistrate heard the motion and wrote a memorandum recommending that the motion be denied. Following the magistrate's recommendation the district court entered the following order:
 
 
 10
 "After review of the file and record in this case, I approve the above recommendation.
 
 
 11
 "IT IS ORDERED that plaintiff's motion to amend the reply is denied."
 
 
 12
 No formal judgment or other document was entered disposing of A & R's motion.
 
 Contentions on Appeal
 
 13
 In its brief on this appeal, A & R contended that (1) the district court erred in holding that A & R's claim in its action against Southern Pacific (No. 75-1784) was barred because it was a compulsory counterclaim which should have been asserted in Baker v. Southern Pacific; and (2) if A & R's claim was in fact a compulsory counterclaim, the court erred and abused its discretion in denying A & R's motion for leave to amend its reply to assert its claim in Baker v. Southern Pacific (No. 75-1783).
 
 Compulsory Counterclaim
 
 14
 In its brief, A & R conceded that its action against Southern Pacific in No. 75 -1784 arose out of the same transaction or occurrence involved in Baker v. Southern Pacific and that failure to assert a compulsory counterclaim generally bars a later action on that claim. At oral argument, counsel for A & R in effect conceded that its claim against Southern Pacific was a compulsory counterclaim in the Baker suit.
 
 
 15
 Rule 13(a), F.R.Civ.P. states in pertinent part:
 
 
 16
 "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."
 
 
 17
 This circuit adheres to the rule that "(u)nder Rule 13(a) a party who fails to plead a compulsory claim against an opposing party is held to have waived such claim and is precluded by res judicata from bringing suit upon it again". Dragor Shipping Corp. v. Union Tank Car Co., 378 F.2d 241, 244 (9 Cir. 1967).
 
 
 18
 The purpose underlying Rule 13(a) was well stated by the Supreme Court in Southern Construction Co., Inc. v. Pickard, 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962):
 
 
 19
 "The requirement that counterclaims arising out of the same transaction or occurrence as the opposing party's claim 'shall' be stated in the pleadings was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. The Rule was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint."
 
 
 20
 This case presents exactly the type of situation that Rule 13(a) was designed to prevent. A & R's claim No. 75-1784 against Southern Pacific was a compulsory counterclaim in the Baker case and should have been asserted therein. Having failed to assert it there, A & R has waived the claim and cannot maintain a separate action on it. The district court was correct in entering summary judgment in favor of Southern Pacific dismissing the action in No. 75-1784.
 
 
 21
 In its brief A & R argued further that the claim was not a compulsory counterclaim since (1) its insurers were indispensable parties to a counterclaim by A & R in the Baker suit, and (2) Unigard, one of the insurers, had controlled the litigation and should not have been required to assert a claim of A & R against Southern Pacific as a counterclaim. These contentions were not urged in oral argument. In any event we find them without merit.
 
 
 22
 With respect to the first ground, in Oregon, as in most states and federal courts, an insured may maintain an action against a tortfeasor for the entire loss, unless the tortfeasor objects and demands joinder of the partially subrogated insurer. See Laushway v. State, 238 Or. 352, 395 P.2d 110, 111 (1964); 3A Moore's Federal Practice (2d Ed.) § 17.09(2.-1). Southern Pacific did not object and A & R's insurers were not indispensable parties to a counterclaim in Baker.
 
 
 23
 As to the second ground, A & R cites the case of Reynolds v. Hartford Accident and Indemnity Co., 278 F.Supp. 331 (S.D.N.Y.1967), which held that a liability insurer, defending on behalf of its insured a suit arising out of an automobile accident, was not required to assert a counterclaim for personal injuries to the insured. That case is not controlling here, however, since the insurer in that case had no interest in the insured's counterclaim, having paid no part of the insured's loss. Unigard, on the other hand, had paid A & R a portion of the damages to its truck and therefore would have shared in any recovery against Southern Pacific. Unigard thus had a sufficient interest in the claim for damage to A & R's truck to have asserted the claim as a counterclaim in Baker.Denial of Motion to Amend Reply
 
 
 24
 In Baker v. Southern Pacific (No. 75-1783) A & R appealed from the "Recommendation and Order denying plaintiff's motion to amend the reply". This is not a judgment from which an appeal may be taken under either Rule 54(a) or Rule 58 of the Federal Rules of Civil Procedure. Nor is it a "final decision" under 28 U.S.C. § 1291, which is the jurisdictional basis of this appeal.
 
 
 25
 A & R's motion for leave to file an amended reply "adding claims for property damage" was made "pursuant to Rule 15(a)" of the Federal Rules of Civil Procedure and for "support of this motion" A & R relied on "Rule 15(a) and Rule 13(i)".[2] In its argument, both in the district court and this court, A & R relied also on Rule 13(f)[3] and Rule 60(b)[4] of the Federal Rules of Civil Procedure.
 
 
 26
 An order denying a motion to amend is not a "judgment" from which an appeal may be taken under Rule 54(a). "An order denying a motion under Rule 60(b) is final and appealable." 6 Wright and Miller § 2871, p. 858. It is not clear, however, whether A & R made a proper Rule 60(b) motion for relief from the judgment which had been entered three months prior to the filing of its motion.
 
 
 27
 In any event, no final judgment was entered from which an appeal might be taken from an order denying relief under Rule 60(b). Rule 58 of the Federal Rules of Civil Procedure requires that "(e)very judgment shall be set forth on a separate document" and that "(a) judgment is effective only when so set forth . . . ." Rule 58 was intended to eliminate doubt as to what constituted a final judgment "by requiring that there be a judgment set out on a separate document distinct from any opinion or memorandum which provides the basis for the entry of judgment". Notes of Advisory Committee on 1963 Amendments to Rules. The rule "must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered". United States v. Indrelunas, 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973).[5]
 
 
 28
 Even if the "Recommendation and Order" denying the motion to amend may be construed as denying relief under Rule 60(b), the district court's notation at the bottom of the magistrate's memorandum would not satisfy the requirements of Rule 58. Consequently this court has no jurisdiction of the appeal.[6] The appeal must be dismissed, without prejudice, pending further action by the district court.[7]
 
 Conclusion
 
 29
 The summary judgment in No. 75-1784 is affirmed, and the appeal in No. 75-1783 is dismissed without prejudice.
 
 
 
 *
 Honorable W. J. Jameson, United States Senior District Judge for the District of Montana, sitting by designation
 
 
 [1]
 As noted supra, a judgment had been entered in favor of A & R on Southern Pacific's counterclaim on October 29, 1974
 
 
 [2]
 Rule 15(a) provides in pertinent part:
 ". . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . ."
 Rule 13(i) reads:
 "Separate Trials : Separate Judgments. If the court orders separate trials as provided in Rule 42(b), judgment on a counterclaim or crossclaim may be rendered in accordance with the terms of Rule 54(b) when the court has jurisdiction so to do, even if the claims of the opposing party have been dismissed or otherwise disposed of."
 
 
 [3]
 Rule 13(f) reads:
 "Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."
 
 
 [4]
 Rule 60(b) provides in pertinent part that, "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment"
 
 
 [5]
 The Court quoted Professor Moore's "cogent observation with respect to the purpose of the separate-document provision of the rule:
 'This represents a mechanical change that would be subject to criticism for its formalism were it not for the fact that something like this was needed to make certain when a judgment becomes effective, which has a most important bearing, inter alia, on the time for appeal and the making of post-judgment motions that go to the finality of the judgment for purposes of appeal.' 6A J. Moore, Federal Practice P 58.04(4.-2), at 58-161 (1972). " 411 U.S. at 220-221, 93 S.Ct. at 1564.
 
 
 [6]
 The Sixth and Eighth Circuits have so held in Richland Trust Co. v. Federal Insurance Co., 480 F.2d 1212, 1213-1214 (6 Cir. 1973) and Baity v. Ciccone, 507 F.2d 717, 718 (8 Cir. 1974)
 
 
 [7]
 Since the appeal is not properly before this court, we express no opinion on the merits of A & R's contentions with respect to its right to amend its reply. Nor do we determine whether a motion was properly made pursuant to Rule 60(b) for relief from the judgment theretofore entered