**In re 1438 MERIDIAN PLACE, N.W., INC., a District of Columbia Corporation, Debtor.**

**Bankruptcy No. 81–00121.**

United States Bankruptcy Court, District of Columbia.

May 21, 1981.

Patrick Moran, Washington, D. C., for debtor.

John J. Donohue III, Neighborhood Legal Services, Washington, D. C., Janet LaBella, Johnson & LaBella, Washington, D. C., for tenants.

## MEMORANDUM OPINION

(Application to Reject Leases by Debtor-in-Possession)

ROGER M. WHELAN, Bankruptcy Judge.

This proceeding was initiated by the debtor-in-possession's application to reject leases filed with this Court on March 19, 1981. The debtor-in-possession's application also prays that, in addition to rejection of leases, "that said tenants be ordered to surrender the leased premises." (Debtor-in-Possession's Application, at 3, filed March 19, 1981.) An opposition was timely filed by the Neighborhood Legal Services on behalf of the named lessees. At the hearing conducted in this Court on April 28, 1981, one of the issues raised *inter alia* in lessee's defense was that this Court lacked jurisdiction to determine the issue of possession because of the debtor's failure to file an adversary proceeding. Because the Court feels that this defense is well taken, there is no need at this time to address the substantive issue as to surrender of the property raised by the parties.

Under Section 365(h) of the Bankruptcy Reform Act of 1978 [11 U.S.C. § 365(h)], a trustee may, subject to court approval, reject any unexpired lease(s) of a debtor. The section further provides that "the lessee under such lease may treat the lease as terminated by such rejection, or, in the alternative, may remain in the possession for the balance of the term of such lease and any renewal or extension of such term that is enforceable by such lessee under applicable non-bankruptcy law." [emphasis added] It is also well established that a rejection of a lease does not in any way affect a tenant's leasehold estate. (*See In re Garfinkle*, 577 F.2d 901 (5th Cir. 1978). Under the old Bankruptcy Act, Section 70(d), 11 U.S.C. § 110(d) suits brought by a trustee for a bankrupt lessor were not within the scope of the Bankruptcy Court's summary jurisdiction. The legal explanation as provided by 2 Collier on Bankruptcy § 23.06[12], at 519–20, (14th Ed., 1979) explains:

"The better view, however, is that a *bona fide* lessee of the bankrupt's property, who is in possession of the property on the date of bankruptcy, has a substantial adverse claim thereto, which, if asserted, must be determined in a plenary suit in

the proper forum, and that the bankruptcy court has no jurisdiction to adjudicate such a claim without the consent of the lessee."   ...

"Where a lease, as in the usual case, conveys to the lessee the right to the use and enjoyment of the property for a specified period, it can hardly be contended that the lessee does not have a substantial interest in the property...".

In this case the lessees in question are in possession of the debtor-in-possession's premises at 1438 Meridian Place, N.W., and are asserting continued possessory rights to the subject premises under District of Columbia law. Within the framework of the pending Chapter 11 case, the debtor-in-possession is essentially seeking to establish his right to possession of the subject premises, and to this extent the pleading clearly is intended "to recover money or property, other than a proceeding under Rule 220 or Rule 604 ..." (Bankruptcy Rule 701.) Accordingly, the subject proceeding should have been initiated as an adversary proceeding which "is commenced by filing a complaint with the court." (Bankruptcy Rule 703.) While this court has subject matter jurisdiction generally over the type of relief which is being sought in connection with this proceeding (28 U.S.C. § 1471), the debtor-in-possession is nonetheless required to initiate the proper adversary proceeding in order that the procedural requirements of Part 7 of the interim rules are fully complied with. Simply put, an application to surrender possession is legally insufficient to bring the matter before the Bankruptcy Court. However, pursuant to the express provisions of 11 U.S.C. § 365(a) the Court will approve the application to reject the leases.

For these reasons, the substantive rights as to the issue of possession must be determined at a later date in the context of a properly filed adversary proceeding.

IT IS SO ORDERED.