712 P.2d 1360

**STATE SAVINGS AND LOAN ASSOCIATION, a California corporation, and Capital Mortgage Holding Corporation, a Nevada corporation, Plaintiffs-Appellants,**

v.

**James H. RENDON and Margaret Rendon, his wife, Allen Jaramillo, St. Paul Fire & Marine Insurance Company, a Minnesota corporation, and Bankers Life Company, an Iowa corporation, Defendants-Appellees.**

**No. 15938.**

Supreme Court of New Mexico.

Jan. 6, 1986.

Rehearing Denied Feb. 5, 1986.

Stephen P. Curtis, Melton & Puccini, P.A., Albuquerque, for plaintiffs-appellants.

Ross B. Perkal, Sarah D. Smith, Walter L. Reardon, Jr., P.A., Albuquerque, for defendants-appellees.

## OPINION

WALTERS, Justice.

This case concerns the res judicata effect of a bankruptcy court decision, after a claims objection hearing, in a state district court foreclosure suit. Plaintiff State Savings initiated suit in the district court on June 30, 1983. Defendants Rendons answered the complaint but then filed a Chapter 13 bankruptcy petition, which stayed the foreclosure suit.

In the bankruptcy proceeding, State Savings filed a proof of claim. The Rendons objected to certain claimed late charges and attorney fees. Following a hearing, the bankruptcy court ruled against the Rendons. The matter was subsequently converted to a Chapter 7 proceeding and the bankruptcy judge lifted the stay.

Upon resumption of the foreclosure suit the district court, among other things, set aside a consent judgment of foreclosure and allowed the Rendons to file an amended answer and counterclaim, alleging federal and state disclosure violations. State Savings moved for summary judgment, arguing that because the Rendons failed to raise the disclosure violations as a compulsory counterclaim in the bankruptcy proceeding, the issue was precluded. State Savings claimed that the bankruptcy court's refusal to reconsider the claims objection on new grounds of disclosure violations was res judicata on the issue in the state court suit. The court denied State Savings' motion for summary judgment; we granted an interlocutory appeal to decide whether res judicata applied.

If the disclosure violation claim was required to be pled as a compulsory counterclaim in the bankruptcy suit, then the Rendons lost their claim by their failure to bring it in the proper court at the proper time. *See Baker v. Southern Pacific Transportation*, 542 F.2d 1123 (9th Cir. 1976); *Heffern v. First Interstate Bank*, 99 N.M. 531, 660 P.2d 621 (Ct.App.1983); 3 J. Moore, *Federal Practice* § 13.12[1] (2d ed.1985). However, the claim may be compulsory in the bankruptcy case only if the claims objection hearing can be considered an "adversary proceeding" because only adversary proceedings are governed by Part VII of the Bankruptcy Rules of Procedure. Specifically, Bankruptcy Rule 7013

of Part VII adopts Federal Rule of Civil Procedure 13(a), which requires that all compulsory counterclaims be pled. Even if Bankruptcy Rule 7013 is applicable, however, the claim is not compulsory if it falls within the "pending action" exception of Rule 13(a), which provides:

(a) *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the Court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced *the claim was the subject of another pending action,* or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13. (Emphasis supplied.)

Consequently, we must decide if the claims objection hearing in the bankruptcy action was an adversary proceeding as would require compulsory counterclaims to be pled and, if so, whether the claim is within the exception for pending actions.

Regarding the first question, State Savings contends that when the Rendons objected to excessive late charges and attorney fees, they called into question the extent of the lien; in so doing, they necessarily asked the court to determine the "validity, priority or extent of the lien." Such a determination is a proceeding defined as an adversary proceeding by Bankruptcy Rule 7001. Since it was an adversarial proceeding, argues plaintiff, Fed.Civ.P.Rule 13(a) was applicable and Rendons should have then contested the validity and extent of the lien on grounds of the alleged disclosure violations at the time.

The Rendons respond that it was incumbent upon State Savings to specifically request the kind of relief listed in Bankruptcy Rule 7001 in order that the proceedings become adversarial. They also point out that the objection hearing was for the limited purpose of determining the amount of their payment obligation and terms of payment in the context of a bankruptcy reorganization plan.

■ No case specifically explains the distinction between a "contested matter" and a dispute calling for designation as a more formal "adversary proceeding." Generally, however, the phrase "contested matter" appears to embrace routine issues which lend themselves to expedited schedules. *See* Bankr.Rule 7001 advisory committee note; Bankr.Rule 9014 (relief from automatic stay); *see also* Bankr.Rule 6004 (motion for use, sale or lease of property); Bankr.Rule 6007 (abandonment); Bankr. Rule 4003(d) (avoidance by the debtor of transfers of exempt property). In comparison, an "adversary proceeding" usually refers to a particularized kind of dispute. *See e.g., In re 221A Holding Corp.,* 1 B.R. 506, 5 Bankr.Ct.Dec. (CRR) 949, (E.D.Pa. 1979) (turnover proceedings); *Palombo Farms of Colorado, Inc. v. National Acceptance Corp., (In re Palombo Farms of Colorado, Inc.),* 43 B.R. 709 (Bkrtcy.Colo. 1984) (objection to claim and motion for determination of valuation give rise to adversary proceeding); *In re 1438 Meridian Place N.W., Inc.,* 11 B.R. 352, Bankr.L. Rep. (CCH) ¶ 68042 (Bkrtcy.D.C.1981) (to surrender possession of real property).

*Simmons v. Savell (In re Simmons),* 765 F.2d 547, 552, 13 Bankr.Ct.Dec. (CRR) 949 (5th Cir.1985), analogizes:

The objection to a claim initiates a contested matter unless the objection is joined with a counterclaim asking for the kind of relief specified in Bankruptcy Rule 7001.... It has been said that the filing of a proof of claim is tantamount to the filing of a complaint in a civil action, *See Nortex Trading Corp. v. Newfield,* 311 F.2d 163 (2d Cir.1962), and the trustee's formal objection to the

claim, the answer. *See* 3 *Collier on Bankruptcy*, § 502.01, at 502–16.

 Looking at the Rendons' objection to the claim as something akin to an answer, and the objection as uncommon, it appears to us that the hearing in bankruptcy court was an adversarial proceeding.

Notwithstanding that the proceeding was adversarial, however, a counterclaim for disclosure violations would not be compulsory in the bankruptcy suit if it was the "subject of a pending action" at the time the adversary proceeding in bankruptcy court commenced.

At the time that the appellee filed the complaint for termination of the stay, appellants' claims [for usury, fraud, breach of contract, and negligence] concerned the subject matter of the action pending in Florida state court. Professor Moore has stated that the proviso to Rule 13 has the *effect of converting an otherwise compulsory counterclaim into a permissive counterclaim.* 3 J. Moore, *Federal Practice* § 13.14 (2d ed. 1948). [Emphasis added.]

*Krause v. Essex Properties, Ltd., (In re Essex Properties, Ltd.)*, 430 F.Supp. 1112, 1114, 3 Bankr.Ct.Dec. (CRR) 331 (N.D.Cal. 1977).

Although generally the counterclaimant has the option of asserting the claim in either forum, *Union Paving Co. v. Downer Corp.*, 276 F.2d 468 (9th Cir.1960), some bankruptcy courts will adhere strictly to the pending action exception and dismiss the second suit, *Community Savings Bank v. Canter (In re Canter)*, 5 Bankr. Ct.Dec. (CRR) 1001, 1 B.R. 172 (Bkrtcy. Mass.1979). *Krause*, 430 F.Supp. at 1115, further suggests that the then-pending claim, being permissive, calls into question the bankruptcy court's jurisdiction to hear the claim: "Moreover, permissive counterclaims under Rule 13(b) of the Federal Rules of Civil Procedure generally require independent grounds for jurisdiction." It follows then, that if the Rendons' claim

was the "subject matter of a pending action" at the time of the bankruptcy adversary proceeding, the bankruptcy court might have disallowed litigation of the issue—at most the counterclaim would have been permissive and the Rendons would have had the option of litigating the counterclaim in either forum.

State Savings contends that the Rendons' counterclaim was not "pending" at the time the adversarial proceeding commenced because the answer, in the district court suit, did not yet contain the allegation of disclosure violations. The Rendons say that allowance of an amended answer and counterclaim by the district court judge effects a relation back which satisfies the requirement of a counterclaim "pending" at the time the bankruptcy adversary proceeding commenced. NMSA 1978, Civ.P.Rule 15(c) (Repl.Pamp.1980). New Mexico has not applied Rule 15(c) in the context argued, but the federal courts have had occasion to interpret its federal counterpart, Fed.Civ.P. Rule 15(c). A decision on this novel use of relation back principles also necessitates a look to the policy of Rule 15(c).

Although "relation back" is generally applied to protect against statutes of limitation, *see* 6 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1496 (1971), the doctrine has been extended to other contexts, *see* 3 J. Moore, *Federal Practice* § 15.15[5] (2d ed.1985). Particularly on point is *Columbia Plaza Corp. v. Security National Bank*, 525 F.2d 620 (D.C.Cir. 1975), where an amended complaint in federal court related back specifically to allow application of the pending action exception in a later-filed state proceeding. Plaintiff's amended complaint in *Columbia Plaza* brought to light certain notes mentioned in defendant's state court suit. The court allowed the reference to the notes to relate back to the first-filed federal action, thus making the notes the subject of a pending action when the state suit was later filed. Although there are cases wherein courts have refused to extend the "relation back"

doctrine, they have been concerned with deprivation of substantial rights, *e.g., United States v. Stromberg,* 227 F.2d 903 (5th Cir.1955) (no relation back because denaturalization suit not ordinary civil proceeding), or would have permitted a result inconsistent with the rule's remedial purpose, *e.g., Security Insurance Co. of New Haven v. United States ex rel. Haydis,* 338 F.2d 444 (9th Cir.1964) (no relation back when complaint prematurely filed).

There is an apparent split of authority on whether an omitted counterclaim will relate back to the original answer. *Compare, Stoner v. Terranella,* 372 F.2d 89 (6th Cir. 1967), *with Butler v. Poffinberger,* 49 F.R.D. 8 (N.D.W.Va.1970). We are persuaded, however, that:

> [T]he strong liberal amendment policy expressed in Rule 15 ... indicate[s] that an omitted counterclaim should relate back provided it arose from the same conduct, transaction, or occurrence set forth in the original pleading.

6 C. Wright and A. Miller, *Federal Practice and Procedure* § 1496, at 488–89.

■ Thus, the Rendons' counterclaim, together with their amended answer, relates back to the original answer. Because of the relation back doctrine, therefore, we must deem the issue to have been pending in the foreclosure suit at the time of the bankruptcy court adversarial proceeding. Consequently, it was not compulsory in the bankruptcy proceeding, and thus not barred in district court by the doctrine of res judicata. For the foregoing reasons we affirm the trial court's denial of State Savings' motion for summary judgment.

State Savings has also asked for attorney fees incurred for services rendered subsequent to the bankruptcy court's order. It cites *Cabot v. First National Bank of Santa Fe,* 81 N.M. 795, 474 P.2d 478 (1970), for the proposition that additional fees may be awarded by the appellate court under a promissory note providing for attorney fees. *Cabot* is not controlling, however, for apparent reasons. In *Cabot*

we awarded additional attorney fees upon motion to this court after affirmance of a final judgment in favor of the noteholder. Here, plaintiffs request attorney fees in an interlocutory appeal. Additionally, the question of fees was not certified for appeal by the district judge, nor was it specifically mentioned in plaintiff's Application for Order Allowing Interlocutory Appeal. Generally, contentions not raised in the trial court cannot be raised on appeal. *See, e.g., Edwards v. First Federal Savings and Loan Ass'n,* 102 N.M. 396, 696 P.2d 484 (Ct.App.1985).

■ Procedural consideration aside, or even assuming the request be considered a motion before this court, we are of the opinion that attorney fees for this appeal are inappropriate. State Savings asserted res judicata, in part, as a defense to the Rendons' counterclaim.

> In asserting a claim for attorney's fees under an action in contract, the court may properly require a lessor to distinguish between the amount of attorney's fees incurred for prosecution of the complaint and counsel fees for defense of a counterclaim.

*State ex rel. Nichols v. Safeco Insurance Co. of America,* 100 N.M. 440, 447, 671 P.2d 1151, *cert. denied,* 100 N.M. 327, 670 P.2d 581 (Ct.App.1983) (citing *Utah Farm Production Credit Ass'n v. Cox,* 627 P.2d 62, 63 (Utah 1981)). State Savings is not entitled to attorney fees under the note provision for its unsuccessful res judicata defense of the counterclaim in this interlocutory appeal. *Cf. Stubbs v. Hemmert,* 567 P.2d 168 (Utah 1977) (noteholder denied attorney fees in unsuccessful defense in the trial court of a counterclaim in a foreclosure suit). Even if, on remand, plaintiff could distinguish between services rendered in connection with its rebuttal of the Rendons' *affirmative defense* of disclosure violations as opposed to the Rendons' *counterclaim* alleging disclosure violations, there remains the fact that State Savings has lost this interlocutory appeal.

We have found no case where a party who did not prevail was allowed attorney fees for an appeal simply because of a contract's provision regarding payment of fees if application to a court be initiated to compel payments of indebtedness due. Some cases have suggested otherwise. *See* Annot., 52 A.L.R.2d 863 (1957).

Appellant not only did not prevail in this appeal but.... [a]ttorney's fees are not necessarily recoverable as to any and all litigation relating to a contract that provided for attorney's fees.

*Bowman v. Kingsland Development, Inc.*, 432 So.2d 660, 664 (Fla.App.1983); *see also Stubbs v. Hemmert.* We do not believe that the provision requires payment by the obligor for opposing counsel's unsuccessful appeal of adverse rulings. The attorney fee provision generally provides for attorney fees in connection with collection of money due on the note or mortgage, or other enforcement of the document's terms. Even if we assume that State Savings ultimately will be successful in its foreclosure action, this appeal has done nothing to further foreclosure of the property. We therefore hold that State Savings must bear its own costs for services of its attorney in this appeal.

The order of the trial court is AFFIRMED.

FEDERICI, J., and SOSA, Senior Justice, concur.

STOWERS, J., concurring in part, dissenting in part.

RIORDAN, C.J., not participating.

STOWERS, Justice, specially concurring and dissenting.

I concur in part in the majority's opinion and dissent in part. I concur in the majority's affirmance of the trial court's denial of State Savings's motion for summary judgment and in its holding that the doctrine of res judicata does not operate in this case to bar the Rendons' *counterclaims.* I believe, however, that any *defenses* challenging the validity, priority, and extent of State Savings's deed of trust interest in the real property it seeks to foreclose, whether raised by the Rendons' original answer or by their amended answer, are barred by the decision of the bankruptcy court.

Whether the claims objection hearing held in the bankruptcy court constituted the adjudication of a "contested matter" or an "adversary hearing" is not dispositive of this appeal. Under either characterization, the Rendons were not compelled to assert their counterclaims against State Savings. Under either characterization, however, the bankruptcy court had jurisdiction to determine the validity and extent of State Savings's claim, and its determination after a trial on the merits precludes either party from relitigating that issue in the district court foreclosure action.

The majority in fact hold that this was an adversary proceeding to which Bankruptcy Rule 7013, and therefore Federal Rule of Civil Procedure 13(a), applies. *Accord Palombo Farms of Colorado, Inc. v. National Acceptance Corporation of America (In re Palombo Farms of Colorado, Inc.),* 43 B.R. 709 (Bkrtcy.D.Colo.1984). *See also Stair v. Shumate (In re Shumate),* 42 B.R. 462 (Bkrtcy.D.Tenn.1984). The majority further hold that the counterclaims asserted here were not compulsory in bankruptcy court because they fall within the "pending action" exception of Rule 13(a). Although the various disclosure statute violations which form the basis of the Rendons' counterclaims had not been pleaded in district court at the time of the bankruptcy court adjudication, the majority hold that the Rendons' amended pleadings "relate back" to the date of the original pleading, pursuant to NMSA 1978, Civ.P.Rule 15(c) (Repl. Pamp.1980). The extension of the "relation back" doctrine to these counterclaims is supported both by the strong liberal amendment policy behind Rule 15 and by the rule's concern with statutes of limita-

tions, for some of the Rendons' nondisclosure counterclaims might otherwise be barred. *See, e.g.,* NMSA 1978, § 56–8–13 (two-year limitations period).

On the other hand, several courts have concluded that, in the absence of a complaint brought to determine the validity, priority, or extent of a claim, a hearing held following the filing of a proof of claim and the debtor's written objection to its allowance constitutes a "contested matter," not an "adversary proceeding." *See, e.g., Twinton Properties Partnership v. Nidiffer (In re Twinton Properties Partnership),* 44 B.R. 426 (Bkrtcy.M.D.Tenn.1984); *In re Farmers' Co-op of Arkansas and Oklahoma, Inc.,* 43 B.R. 619 (Bkrtcy.W.D. Ark.1984). *See also* Bankr.R. 3007, 7001. The record in this case fails to make clear the precise nature of the bankruptcy court proceedings. Had the majority held instead that it was merely a contested matter, the proceeding would not have been subject to the compulsory counterclaim pleading requirement of Federal Rule of Civil Procedure 13(a). *See* Bankr.R. 9014.

Whether this hearing is characterized as an adversary proceeding or a contested matter, the Rendons' counterclaims were not compulsory in the bankruptcy court. The district court therefore acted within its discretion in granting the Rendons leave to amend and in denying State Savings's motion for summary judgment.

While the majority's decision today permits the Rendons to raise defenses to the foreclosure action in district court and to assert various counterclaims against State Savings, it should not authorize the relitigation of questions resolved in the bankruptcy court. The parties had their opportunity to litigate the validity and the amount of the deed of trust and promissory note they executed, and should be bound by the decision of the bankruptcy court. Under the doctrine of res judicata, the parties are precluded from relitigating the same cause of action. *Three Rivers Land Co. v. Maddoux,* 98 N.M. 690, 652 P.2d 240 (1982);

*City of Santa Fe v. Velarde,* 90 N.M. 444, 564 P.2d 1326 (1977). More significantly in this case, the parties are barred under the doctrine of collateral estoppel from relitigating in district court ultimate facts and issues actually and necessarily decided in the prior bankruptcy court proceedings. *Adams v. United Steelworkers of America, AFL-CIO,* 97 N.M. 369, 640 P.2d 475 (1982).

Three purposes underlay res judicata and collateral estoppel: protecting parties from the burden of repetitive litigation, conserving judicial resources, and encouraging reliance on adjudication by preventing inconsistent judgments. *Three Rivers Land Co. v. Maddoux,* 98 N.M. at 694, 652 P.2d at 244; *International Paper Co. v. Farrar,* 102 N.M. 739, 741, 700 P.2d 642, 649 (1985). I believe that the district court bears responsibility for furthering these purposes, and should not allow the Rendons to engage in protracted relitigation seemingly designed to prevent the resolution of a foreclosure suit initiated two and one-half years ago.

Having expressed the foregoing concerns that the majority's opinion opens the way for improper relitigation of issues previously determined in bankruptcy court, I respectfully concur in part and dissent in part.