[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 2, 1994, the plaintiff, Krystof Badorek, filed a complaint alleging that on May 29, 1992, he was assisting defendant, Joseph Suchecki, in repairing the automobile of defendant, Alicia Raymond. The plaintiff further alleges that as a result of the negligence and carelessness of Suchecki in the course of repairing the automobile, the plaintiff suffered severe and painful injuries. On July 22, 1994, Suchecki filed an answer and special defense alleging that any injury and damage suffered by the plaintiff was caused by his own negligence and carelessness. CT Page 12246 On July 27, 1994, the plaintiff replied to Suchecki's special defense. On September 29, 1994, Suchecki filed a counterclaim alleging that as a result of the negligence and carelessness of the plaintiff, he suffered severe and painful injuries. On October 13, 1994 Suchecki filed a request for leave to amend his answer and special defense to add the counterclaim. On October 14, 1994, the plaintiff filed an objection to Suchecki's request. This objection was overruled by the court, Hodgson, J., on November 10, 1994.
On June 12, 1995, the plaintiff filed a motion for summary judgment on the ground that Suchecki's counterclaim is barred by the two year statute of limitations for personal injuries for negligent or reckless misconduct as specified in General Statutes § 52-584 and on the further ground that the counterclaim does not fall within the counterclaim exception allowed in § 52-584 as the counterclaim was filed after the pleadings were finally closed.
As required by §§ 204 and 380 of the Practice Book, the plaintiff timely filed a memorandum of law in support of the motion for summary judgment. On July 6, 1995, Suchecki filed a memorandum of law in opposition to plaintiff's motion for summary judgment.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." (Citations omitted.) Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994).
The plaintiff argues that Suchecki's counterclaim is barred by the two year statute of limitations for personal injury caused by negligence or reckless misconduct, pursuant to General Statutes § 52-584. The plaintiff further argues that as the incident on which the counterclaim is based occurred on May 24, 1992 and the counterclaim was filed more than two years later, on September 23, 1994, Suchecki's counterclaim is time barred.
In response, Suchecki argues that the pleadings were CT Page 12247 originally closed on July 27, 1994 when the plaintiff responded to Suchecki's special defense. Suchecki further argues that the pleadings were reopened by the court on November 10, 1994 when the court, Hodgson, J., overruled the plaintiff's objection to Suchecki's request for leave to amend his answer.
General Statutes § 52-584 provides in relevant part that "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered." The counterclaim would be barred by the two year statute of limitations for personal injuries caused by negligent or reckless behavior, unless it falls within the counterclaim exception provided in § 52-584.
With respect to counterclaims, General Statutes § 52-584
provides in relevant part that "a counterclaim may be interposed in any such action any time before the pleadings in such action arefinally closed." (Emphasis added.) The pleadings are closed when the plaintiff replies to the defendant's special defenses. Practice Book § 112; Doublewal Corp. v. Toffolon, 195 Conn. 384, 387
n. 2, 488 A.2d 444 (1985). In the present case, the pleadings were first closed on July 27, 1994 when the plaintiff replied to Suchecki's special defense. The pleadings were first closed when Suchecki filed the counterclaim on September 29, 1994.
Nevertheless, on October 13, 1994, Suchecki filed a request for leave to amend his answer and special defense to add the counterclaim. Although the plaintiff objected to this request, on November 10, 1994, the court, Hodgson, J., overruled the plaintiff's objection.
The dispositive issue for the resolution of the present motion for summary judgment is whether the amended answer relates back to the original answer, qualifying for the counterclaim exception pursuant to General Statutes § 52-584. "[I]t is well settled that amendments, unless they allege a new cause of action, relate back to the date of the [pleading]." Baker v. Baker, 166 Conn. 476,486, 352 A.2d 277 (1974). The "relation back doctrine" is "akin to rule 15(c) of the Federal Rules of Civil Procedure, which provides in pertinent part: (c) RELATION BACK OF AMENDMENTS. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the CT Page 12248 date of the original pleading. . . . The policy behind rule 15(c) is that a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford." (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 547, 590 A.2d 914 (1991).
Although Connecticut courts have not considered whether an amended answer introducing a counterclaim will relate back to the original answer, the Supreme Court of New Mexico has ruled on this issue in the context of rule 15(c). State Savings and Loan Assn.v. Rendon, 103 N.M. 698, 701, 712 P.2d 1360 (1986). In holding that the omitted counterclaim should relate back to the original answer, the Supreme Court of New Mexico stated that "[t]here is an apparent split of authority on whether an omitted counterclaim will relate back to the original answer. Compare Stoner v. Terranella,372 F.2d 89 (6th Cir. 1967), with Butler v. Puffinberger,49 F.R.D. 8 (N.D.W. Va. 1970)." Id., 702. Nevertheless, the Supreme Court of New Mexico permitted the amended answer to relate back to the original answer based on the policy reasons recognized by the Connecticut Supreme Court in Gurliacci v. Mayer, supra, 218 Conn. 547. Id. The Supreme Court of New Mexico stated "[w]e are persuaded . . . that: `[T]he strong liberal amendment policy expressed in Rule 15 . . . indicate[s] that an omitted counterclaim should relate back provided it arose from the same conduct, transaction, or occurrence set forth in the original pleading.' 6 C. Wright and A. Miller, Federal Practice and Procedure § 1496, at 488-89." Id. "`[T]he Connecticut courts have [similarly] given a liberal interpretation to the relation back doctrine.'" Ramsey v.Town of North Branford, Superior Court, judicial district of New Haven, Docket No. 34782 (March 2, 1994) (Hartmere, J.).
The amended answer, including the counterclaim, relates back to the original answer for two reasons. First, the counterclaim is based on the same incident set forth in the complaint and responded to in the original answer. Gurliacci v. Mayer, supra, 218 Conn. 547. Second, the plaintiff was given adequate notice of the counterclaim when Suchecki pleaded a special defense in his answer identifying many of the points later set forth in the counterclaim. Id. Therefore, the counterclaim does not allege a new cause of action. Baker v. Baker, supra, 166 Conn. 486. In the present case, the counterclaim was filed before the pleadings were finally closed, on July 27, 1994, qualifying for the counterclaim exception pursuant to General Statutes § 52-584. Therefore, the plaintiff's motion for summary judgment on the ground that Suchecki's CT Page 12249 counterclaim is time-barred is denied.