**NORTHWEST DIESEL REPAIR, INC., a corporation, Plaintiff,**

v.

**The OIL SCREW "WEST I", Official N. 288164, her engines, tackle, apparel, furniture and equipment, and Fish West, a limited partnership consisting of Spencer & Hughes Co., Ltd., and Land West Productions, Inc., as general partners; and Walter Spencer, Robert Hughes, Martin D. Dalton, Jerry W. Freels, Joseph Flice, Michael J. Coons, James Silva, Richard D. Koss, Ship To Shore Investments, Perry M. Di Loreto, Thomas Di Loreto, Lois Peters, Alan Tresser, Karen Tresser, and Norman Tresser, as limited partners, and Larry L. Freels, Defendants.**

No. C80–991B.

United States District Court,
W. D. Washington,
Seattle Division.

March 15, 1982.

Milton C. Smith, Seattle, Wash., for plaintiff.

Charles M. Davis and James C. Harrison, Seattle, Wash., for defendants.

## ORDER DENYING DEFENDANT'S MOTIONS

BEEKS, Senior District Judge.

Plaintiff instituted this action in September, 1980, seeking to foreclose a maritime lien against the vessel, WEST I, owned by defendant Fish West, alleging that defendant failed to fully pay for work done by plaintiff on the vessel to convert her from an oil drilling vessel into a fishing and fish-processing vessel. Defendant answered on October 3, 1980, and counterclaimed for (1) the alleged failure of plaintiff to perform the conversion in a workmanlike manner, and (2) the negligence of plaintiff which allegedly resulted in the failure of certain refrigeration equipment installed by a third party.

In December, 1979, Fish West entered into an oral contract with plaintiff for this conversion, which was performed between December, 1979 and June, 1980, at plaintiff's repair facility in Seattle. During the vessel's first voyage to Alaska, problems arose with refrigeration equipment and watermakers installed as part of the conversion, and the vessel subsequently returned to Seattle. Thereafter, defendant refused to pay the final invoices sent by plaintiff for the conversion work, and this action ensued.

Defendant now moves for:

1) leave to supplement and amend its answer to add two counterclaims,

2) security thereon, and/or

3) release of the security previously posted by defendant.

Consideration of defendant's alternative motions for security on its proposed counterclaims, or release of its posted security, need be addressed only if defendant's motion to supplement its counterclaims is granted.

Defendant's supplementation request is twofold. First, defendant seeks to supplement its answer, pursuant to Federal Rule of Civil Procedure 13(e), to include a counterclaim that plaintiff wrongfully sold four 300-horsepower outdrive propelling units which belonged to defendant but were left in plaintiff's yard with other conversion project leftovers, thereby damaging defendant. Second, defendant seeks to amend its answer, pursuant to Federal Rule of Civil Procedure 13(f), to allege that certain watermakers "sold by plaintiff" have failed and were replaced, thereby creating claims for breach of warranties of fitness and merchantability. Both phases of this motion are denied; the first, because the matters asserted therein constitute permissive counterclaims which lack an independent basis of admiralty jurisdiction, and, the second, because defendant has failed to explain its failure to assert this claim timely, although the watermaker failure was known to defendant when it originally answered.

*Alleged Conversion of Equipment*

In its complaint, plaintiff states that defendant owes storage charges because it failed to remove specified equipment and scrap that accumulated in plaintiff's yard during the conversion. Answering this charge, defendant alleges that the oral contract required plaintiff to use its "best efforts" to sell such remaining equipment, including four propelling units, but failed to so do, and defendant was thereby damaged. In its reply, plaintiff denies any obligation to sell the equipment. Nonetheless, on May 4, 1981, plaintiff sold the four propelling units, and issued to defendant a "credit memo" reflecting that sale. Defendant now claims, notwithstanding its earlier answer, this action amounted to a tortious conversion of its property.

■ Clearly, this proposed cause of action is a permissive counterclaim which requires a jurisdictional basis independent of the original claims. In determining whether a claim is a compulsory counterclaim, courts consider the following:

1) whether the issues of fact and law raised by the claim and counterclaim are largely the same;

2) whether *res judicata* would bar a subsequent suit on the defendant's claim absent the compulsory counterclaim rule;

3) whether substantially the same evidence would support or refute the plaintiff's claim as well as the defendant's counterclaim;

4) whether there is any relation between the claim and the counterclaim?

6 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1410, at 42 (1971). As above noted, the instant complaint seeks to foreclose a maritime lien for labor and materials. Applying the above factors, it is clear that the proposed claim for conversion in tort is, at best, a permissive counterclaim. Such a claim requires an independent jurisdictional basis. *NLRB v. Dutch Boy, Inc., Glow Lite Div.*, 606 F.2d 929 (10th Cir. 1979); *Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357 (5th Cir.

1979); 1 Federal Procedure, L.Ed. § 1:27 (1981). Even if defendant has a cause of action for tortious conversion, this cause of action is without admiralty jurisdiction. *See American Hawaiian Ventures v. M/V J. LATUHARHARY*, 257 F.Supp. 622 (D.N.J. 1966). The proposed tort claim relates to the conversion contract, if at all, only tangentially. Hence, no independent basis for admiralty jurisdiction supports the claim of tortious conversion, and the court is not inclined to exercise pendent jurisdiction.

*Alleged Breach of Warranties With Respect to Watermakers*

■ Defendant seeks to add a further counterclaim alleging that plaintiff sold and installed watermakers in the WEST I, and warranted merchantability and fitness for a particular purpose, but the watermakers broke down after little use, and thus, plaintiff breached such warranties to defendant's detriment. While defendant alludes that the breakdown occurred recently, the record discloses that the watermakers failed during the vessel's first voyage to Alaska, and hence, before defendant originally answered plaintiff's complaint. Thus, bringing this issue before the court at this late date requires defendant to adequately explain its delay in asserting the claim for watermaker failure. This it did not do.

The Federal Rules of Civil Procedure provide that a party may seek leave of court to assert a counterclaim that was omitted in the original answer "through oversight, inadvertence, or excusable neglect...." Fed.R.Civ.Pro. 13(f). In the instant multifaceted motion, rather than explicitly providing grounds for each part of the request, defendant generally notes that "these motions are brought pursuant to Rules 13(e), 13(f) and 15 of the Federal Rules of Civil Procedure." In light of the above, it is apparent that defendant seeks to assert the watermakers claim pursuant to Rule 13(f). Defendant offers no explanation for not asserting the claim in the first instance nor does it otherwise explain the delay. This court will not exercise its discretion to allow defendant to assert the counterclaims against plaintiff in this action. *See Rohner,*

*Gehrig and Co. v. City Bank*, 655 F.2d 571 (5th Cir. 1981); *Ralston-Purina Co. v. Bertie*, 541 F.2d 1363 (9th Cir. 1976). A denial of the instant motion will not extinguish the subject matter of the counterclaims, nor will it prejudice the original cause of action. The court suspects that defendant seeks to assert these counterclaims for an undisclosed purpose unrelated to the merits of the controversy.

Accordingly, defendant's motion to add counterclaims is denied, and it is thus unnecessary to consider defendant's further motions in the alternative. The Clerk is directed to mail uncertified copies of this order to counsel of record, as well as Gordon Moss of Lane, Powell, Moss & Miller, Seattle, Washington.