UNISPEC DEVELOPMENT CORP., et al., Plaintiffs,

v.

HARWOOD K. SMITH & PARTNERS, et al., Defendants.

No. CIV 87–899 PHX RCB.

United States District Court, D. Arizona.

Dec. 27, 1988.

---

Eric J. Bistrow, Horne, Kaplan & Bistrow, P.C., Phoenix, Ariz., for plaintiffs.

Roger E. Brodman, Gallagher & Kennedy, Phoenix, Ariz., for defendant Harwood K. Smith & Partners.

Michael R. Altaffer, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for defendant Walter Cash & Partners, Inc.

## ORDER

BROOMFIELD, District Judge.

Defendant Harwood K. Smith & Partners ("HKS") moves for leave to file an amended answer and counterclaim in the above entitled action. Leave to file an amended answer, (or in this case more appropriately leave to amend an answer), is governed by Fed.R.Civ.P. 15(a). Leave to file a counterclaim is governed by Fed.R. Civ.P. 13. Although these are technically two different procedures governed by two different sections of the Federal Rules, the standards for granting each are similar and thus will be considered simultaneously.

HKS's proposed counterclaim includes a claim of negligence against plaintiff Unispec Development Corporation ("Unispec") and a claim for quantum meruit against plaintiff Geriatrics, Inc., dba ARA Living Centers ("ARA"). HKS's proposed amended answer sets forth offset an an affirmative defense.

This case arises from difficulties encountered in the construction and operation of two nursing homes located in Sun City and Mesa, Arizona. These homes were designed by defendants HKS, an architectural firm and Walter P. Cash & Associates, an engineering firm. Plaintiff ARA is the owner of the homes and Unispec acted as the construction manager. Plaintiffs sued the defendants alleging that defects in the architectural plans led to significantly higher costs and extra work. HKS now brings this motion seeking recovery of approximately $160,000 in additional expenses it claims to have incurred on the project for which it has not been compensated.

## LEGAL STANDARD

Fed.R.Civ.P. 15(a) states that leave to amend "shall be freely given when justice so requires." The United States Supreme Court in *Forman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), ruled that although discretionary, leave to amend is liberally allowed, trial on the merits of the claim is favored, and amendment will be permitted unless there has been undue delay, bad faith, dilatory action or undue prejudice.

■ One of the few exceptions to the liberal policy of granting leave to amend is "futility of amendment." If the proposed amendment would eventually be subject to a motion to dismiss, pursuant to Rule 12(b)(6), or a motion to strike, under Rule 12(f), it would be an empty gesture for a court to allow such an amendment when the objecting party could eventually make a formal motion to dismiss or strike or for summary judgment after leave to amend was granted. *See, e.g., Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir.1986); *Franchise Realty Interstate Corp. v. San Francisco Local Joint Executive Bd. of Culinary Workers*, 542 F.2d 1076, 1085 (9th Cir.1976).

■ Counterclaims are governed by Fed. R.Civ.P. 13. Rule 13(f) provides that when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment. Rule 13(f) is interpreted liberally in order to settle all claims in one action. *2001, Inc. v. Novaglas Corp.*, 60 F.R.D. 649 (E.D.N.Y.1973). However, it should not be construed as an open-ended mechanism for avoiding the timely filing of counterclaims arising out of a single transaction. *Health Corp. of America, Inc. v. New Jersey Dental Assoc.*, 77 F.R.D. 488 (D.N.J.1978). Leave to file a counterclaim under Fed.R.Civ.P. 13(f) may be denied if the court concludes that the counterclaim is totally lacking in merit. *United Brick & Clay Workers v.*

*Hydraulic Press Brick Co.*, 371 F.Supp. 818 (S.D.Mo.1974).

In addressing HKS's motion for leave to file amended answer and counterclaim, this Court will consider whether the proposed amendment and counterclaim are meritorious, *i.e.*, survive the "futility" test and whether HKS's motion constitutes bad faith, dilatory action or would cause undue delay or prejudice.

### ANALYSIS

In determining whether leave to amend and/or counterclaim should be granted, this Court first turns to the issue of whether HKS's claims are meritorious. If the proposed claims are later subject to dismissal after leave to amend or counterclaim is granted, such proposed amendment or counterclaims must necessarily be denied.

HKS alleges that its proposed defense of offset and the counterclaims for negligence and restitution stem from the same factual issues raised in the original complaint. HKS claims that because of plaintiffs' errors in constructing the homes, it spent a significant amount of extra time, effort and costs in correcting the defects. HKS attaches to its motion an invoice dated September 29, 1988 for professional services it claims to have provided plaintiffs. The invoice identifies the work performed, the name of the worker, total hours billed on a particular project and the total cost amount for the services. The invoice does not identify when the work was performed or the time period the invoice covers.

Plaintiffs oppose HKS's motion on several grounds directed to the merits of the amendment and counterclaim. Plaintiffs argue that (1) the negligence counterclaim against Unispec is barred by the statute of limitations; (2) no substantive claim against Unispec exists as a matter of law; (3) HKS is precluded from instituting suit on a theory of quantum meruit; and (4) the defense of offset is not applicable.

First, plaintiffs argue that A.R.S. Section 12–542 requires negligence claims to be brought within two years of the cause of action accruing. Plaintiffs claim that construction was finished, certificates of occupancy issued and architectural services completed by the end of May 1986. Plaintiffs assert that HKS's counterclaim for negligence was not filed until October 31, 1988 and thus is barred by the two year statute of limitations.

■ A counterclaim or setoff is a cause of action in favor of the defendant on which he might have brought a separate action and recovered a judgment. *W.J. Kroeger v. Travelers Indemnity Co.*, 112 Ariz. 285, 287, 541 P.2d 385, 387 (1975). However, if a claim would be barred originally by a statute of limitation, it is barred as a counterclaim even if it arises from the same transaction except as it falls within the principles of recoupment. *Id.* 112 Ariz. at 287, 541 P.2d at 387. Recoupment is a reduction by the defendant of a part of plaintiff's claim because of a right in the defendant arising out of the same transaction. *Morris v. Achen Const. Co. Inc.*, 155 Ariz. 507, 510, 747 P.2d 1206, 1209 (Ariz. App.1986), *reversed in part, vacated in part on other grounds*, 155 Ariz. 512, 747 P.2d 1211 (1987).

■ Here, HKS's assertion of a counterclaim for negligence is not directed at reducing part of plaintiffs' recovery but rather at instituting a separate claim in negligence. It is well established that an affirmative counterclaim may not be instituted after the applicable period of the statute of limitations has expired since such claims are regarded as an independent cause of action. *Occidental Chemical Co., v. Connor*, 124 Ariz. 341, 343, 604 P.2d 605, 607 (1979) ("If one is not entitled to relief in a direct action, he is not entitled to assert a setoff or counterclaim.").

■ Plaintiffs claim that construction on this project was completed by May 31, 1988 and that none of the services or expenses allegedly incurred by HKS took place after that date.[1] If true, any cause of action for negligence would begin to accrue as of that

1. Affidavits of Viv Desouza and Edward Kuntz, paras. 8 and 5 respectively, attached to Plaintiffs Response to Motion for Leave to File Amended Answer and Counterclaim.

date. HKS sets forth no evidence to dispute these facts nor to explain why this counterclaim was not filed until October 31, 1988. Consequently, HKS' counterclaim for negligence is barred by the two year statute of limitation unless the claim relates back to the date of the original answer. HKS argues that even if its negligence counterclaim against Unispec would be barred if filed as an original lawsuit, under Fed.R.Civ.P. 15(c), the claim relates back to the date of the original pleading and thus is not barred by the statute of limitations.

The courts are divided on this issue. Some courts have held that Rule 15(c)[2] is applicable only to amendments made under Rule 15(a), not to omitted counterclaims under Rule 13(f), and that therefore amendments made pursuant to Rule 13(f) do not relate back to the original pleadings. *Stoner v. Terranella,* 372 F.2d 89, 91 (6th Cir.1967); *National Dairy Products Corp. v. Borden Co.,* 363 F.Supp. 981 (E.D.Wis. 1973); *Goldlawr, Inc. v. Shubert,* 268 F.Supp. 965 (E.D.Pa.1967).

Although Rule 13(f) provides no authority to allow the assertion of an affirmative counterclaim after the bar of the statute of limitations, 3 J. Moore, *Moore's Federal Practice,* ¶ 13.33 at 13–199, the more modern approach and the approach taken by almost all recent cases appears to be that omitted counterclaims filed under Rule 13(f) relate back under Rule 15(f) to the time of the filing of the defendant's original answer. *See Butler v. Poffinberger,* 49 F.R.D. 8, 11 (N.D.W.Va.1970); *Diematic Mfg. v. Packaging Indus., Inc.,* 412 F.Supp. 1367, 1374 (S.D.N.Y.1976); *Rohm and Haas Co. v. Dawson Chemical Co., Inc.,* 557 F.Supp. 739, 825–26 (S.D.Tex.1983); *Milam v. Massey–Ferguson, Inc.,* 580 F.Supp. 879, 880–81 (S.D.Miss.1984). As noted by Wright & Miller:

> To view the rules as mutually exclusive mades little sense ... in light of the express reference in Rule 13(f) to adding the omitted counterclaim *"by amendment."* The better approach ... is to construe both rules together so that Rule 13(f) supplements the general provisions of Rule 15 by setting forth a particular standard for allowing the late assertion of omitted counterclaims. Once that standard set forth in Rule 13(f) is satisfied and leave of court to set up the omitted counterclaim by amendment has been granted, the remaining provisions of Rule 15 should be fully applicable and the amendment should relate back if it meets the test provided by Rule 15(c).

6 C. Wright and A. Miller, *Federal Practice and Procedure* § 1430, at 160 (1971) (emphasis in original).

The test in 15(c) requires that the claim asserted in the amended pleading must arise out of the same "conduct, transaction, or occurrence" set forth in the original pleading. HKS's counterclaim for negligence is directed at errors it claims plaintiffs made while constructing the nursing homes. Without doubt, HKS's claim arises out of the same transaction or occurrence which is the subject matter of plaintiffs lawsuit. Thus HKS's counterclaim for negligence would not be subject to dismissal on statute of limitation grounds. Therefore, plaintiffs first argument fails.

Plaintiffs second argument directed at the merits of HKS's counterclaim is that no substantive claim against Unispec exists as a matter of law. Plaintiff argues that a contractor owes no duty of care to an architect under the circumstances of this case. Therefore, plaintiff maintains that there can be no recovery by HKS against Unispec in a claim for negligence.

HKS argues that a motion to amend the pleadings is not the appropriate time to determine whether or not a claim exists. According to HKS, such a claim is the appropriate topic of a motion for summary judgment. Although this Court believes that the "futility" doctrine refutes HKS's assertion that a motion to amend is not the proper time to determine the validity of a claim, in this instance the parties failure to

---

**2.** This section provides in part: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

adequately address the duty of care issue leaves the Court no choice but to refrain from a decision on the merits of this particular argument.

■ Plaintiffs third argument is that HKS is precluded from instituting a counterclaim on the theory of *quantum meruit* against ARA since the parties entered into an express contract governing their relationship. The existence of a contract is expressly admitted by HKS in paragraph 11 of its proposed counterclaim. As a result, HKS's motion for leave to amend its answer to include a counterclaim for *quantum meruit* must be denied. The law is clear that the doctrine of *quantum meruit* has no application where an express contract exists. *Advanced Leasing & Crane Co., v. Del Webb Corp.*, 117 Ariz. 451, 452, 573 P.2d 525, 526 (Ariz.App.1977). Allowing HKS to include a counterclaim for *quantum meruit* would be futile since it would eventually be subject to a motion to dismiss, strike or summary judgment.

■ Plaintiffs' fourth argument concerns whether HKS may allege "offset" as a defense in its amended answer. Plaintiffs claim that under *Kroeger*, the statute of limitations bars the defense of setoff. *Id.*, 112 Ariz. at 287, 541 P.2d at 387. Such an argument might have validity if HKS was seeking to plead offset in an offensive rather than a defensive manner. However, in this instance HKS is seeking to amend its answer to include offset as a defense. As a matter of semantics, what HKS is attempting to do falls more within the principle of recoupment than setoff. Recoupment is an equitable doctrine which can be used to reduce or eliminate a judgment, but not for the purposes of affirmative relief. *Id.* 112 Ariz. at 289, at 388. As such, it is not subject to the statute of limitation. *Id.* 112 Ariz. at 287, at 387. Consequently, HKS' motion for leave to file an amended answer setting forth offset or recoupment as a defense is meritorious.

Having found that HKS's motion for leave to file an amended answer and counterclaim for negligence would not be futile, the Court must now determine whether there has been bad faith or dilatory action by HKS and whether granting HKS's motion would cause undue delay or prejudice.

As noted previously, Rule 13(f) allows a party to amend its pleadings and assert a counterclaim by amendment if it was originally omitted "through oversight, inadvertence, or excusable neglect, or when justice requires." The courts normally construe this Rule liberally. *Wright & Miller, supra*, § 1413, p. 152. That does not mean, however, that leave to amend is automatic.

HKS does not attempt to argue that its failure to plead the negligence claim in its original pleading was the result of oversight, inadvertence, or excusable neglect. Several courts in this Circuit have barred counterclaims under Rule 13(f) when the party seeking leave to amend could not adequately explain the reason for the delay. In *Ralston–Purina Co. v. Bertie*, 541 F.2d 1363 (9th Cir.1976), the Ninth Circuit upheld a lower court's denial of a counterclaim where no reasonable explanation was offered for making the motion six months after the answer and two months after the pre-trial conference. *Id.* at 1367. *See also Northwest Diesel Repair, Inc. v. Oil Screw "West I"*, 94 F.R.D. 61, 63 (W.D.Wash. 1982).

In this case, HKS did not assert its claim for negligence nor did it notify or otherwise submit a bill to plaintiffs for services it claims to have performed but not paid for until almost two and a half years after the project was completed and one and a half years after the lawsuit was initiated. In light of the time delay and the fact that the invoice HKS now submits is bereft of the dates in which the work was allegedly performed, the Court must question HKS's good faith and dilatory behavior. The only argument presented by HKS in support of its motion under Rule 13(f) is that justice requires that the amendment be allowed. HKS claims that because of plaintiffs' errors in constructing the building, it had to spend a significant amount of time and effort correcting the defects for which it has not received payment. HKS further argues that plaintiffs will not be prejudiced since the amendment adds no new issues or parties to the lawsuit.

The Court disagrees as to the negligence counterclaim. This is an entirely new issue in the proceedings and shifts the focus of the parties discovery from HKS's role in formulating the architectural plans and designs to plaintiffs actions in constructing the building. Such a redirection of the case at this juncture would result in substantial delay and prejudice to plaintiffs in bringing their suit to fruition. If justice requires anything, it is that plaintiff should not at this late date have to defend against such a dilatory claim, not that defendant should be afforded the opportunity to assert it affirmatively. As a result, HKS's motion for leave to file a counterclaim is denied.

HKS's motion for leave to amend its answer to include the defense of offset is another matter. If indeed HKS performed work for which it was not paid, the issue of recovery would necessarily be governed by the terms of the contract or agreement between the parties. That contract is already an issue in this lawsuit since plaintiffs are in effect alleging that HKS breached the contract because of alleged design defects in the architectural plans. As a result, substantially less delay and prejudice to plaintiffs will entail by inclusion of HKS's amended answer setting forth offset as an affirmative defense. If HKS did indeed perform services for which it was entitled to payment, then it can obtain satisfaction through this procedure.

IT IS ORDERED granting Defendant's motion for leave to file amended answer but denying leave to file its proposed counterclaim.