9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Peter MAINGI, Plaintiff-Appellant,
v.
92-4101-DES IBP, INC., and its representatives, Defendant-Appellee.
 No. 93-3202.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered sub-mitted without oral argument.
 
 
 2
 Plaintiff Peter Maingi filed a complaint against IBP, Inc. with the Kansas Human Rights Commission alleging discrimination on the basis of his national origin (Kenya, East Africa). After the EEOC issued plaintiff a right to sue letter plaintiff filed a pro se Title VII, 42 U.S.C.2000e, complaint in federal district court alleging IBP discharged him based on his color (black) and sex (male) and refused to provide him medical treatment. The district court order granted summary judgment in favor of defendant. Reading plaintiff's brief and the record generously, his arguments on appeal are that the district court (1)erred in finding he failed to present uncontroverted evidence supporting his own summary judgment motion; (2)incorrectly dismissed his charge of sex discrimination; (3)erred in excluding his national origin claim; and (4)erroneously found plaintiff failed to establish a prima facie case of race discrimination.
 
 
 3
 Plaintiff worked at IBP, Inc. from August 1985 until May 1990, when he was terminated. On April16, 1990, plaintiff received a written warning and one-day suspension for an aggregate of unexcused absences and tardies. On May17, a fellow worker reported to supervisors that plaintiff smelled of alcohol; and his alcohol breathalyzer test registered blood alcohol of .17. After further investigation plaintiff was terminated for violation of IBP's alcohol and drug policy. See I R. tab 27 affidavits of Lineburger, McNeese, Richardson.
 
 
 4
 "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We view the record in the light most favorable to the party opposing the motion for summary judgment. Deepwater Invs., Ltd., v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 5
 The district court liberally construed plaintiff's pleading filed January13, 1993, I R. tab 21, as a summary judgment motion for "abusive tort" and Title VII disparate treatment. The district court found that the pretrial order set forth only a disparate treatment claim, and therefore denied judgment on any tort cause of action. The court also found plaintiff had not presented an adequate factual basis for a prima facie case of discrimination, and hence denied plaintiff's motion. Our review of the record supports the district court's finding. Plaintiff did not present uncontroverted facts supporting his motion; in particular, he failed to present evidence that he was treated any differently in the employment termination process than similarly situated nonminority employees.
 
 
 6
 Plaintiff's administrative complaint only included allegations of discrimination based on national origin. The district court thus correctly dismissed plaintiff's charge of sex discrimination, because it was wholly unrelated to his allegation in his administrative complaint dealt with in the right to sue letter.
 
 
 7
 Plaintiff next asserts the trial court erred in issuing the pretrial order excluding any national origin claim. The pretrial order, to which plaintiff did not object, treated plaintiff's action as a race and sex discrimination case. In omitting a national origin cause of action, it only reiterated plaintiff's complaint. Because the plaintiff did not amend his complaint, did not object to the pretrial order, and the pretrial order controls the subsequent development of the case, the court did not err in excluding a national origin claim from the suit.[2]
 
 
 8
 The district court granted summary judgment in favor of IBP on its finding that plaintiff failed to establish a prima facie case of race discrimination because he did not produce evidence that IBP treated him less favorably than other employees because of his race. Pitre v. Western Elec. Co., Inc., 843 F.2d 1262, 1267 (10th Cir.1988). In a work rule case, plaintiff must show he belonged to a protected class, was suspended or discharged for violating a work rule, and that other similarly situated nonminority workers were treated differently. Equal Employment Opportunity Commission v. Flasher Co., Inc., 986 F.2d 1312, 1316 (10th Cir.1992). Plaintiff failed to produce any factual support for his assertions that nonminority employees were treated differently, and IBP identified several nonminority employees who, like plaintiff, were fired because of drug or alcohol use at work. See I R. doc. 27, 12-13 and exs. C-H.
 
 
 9
 Plaintiff asserts that he was unable to present to the trial court certain records pertinent to his case and that his letter to the court (May12, 1992) provided facts to establish a prima facie case of race discrimination. We do not agree. We acknowledge plaintiff's frustration in not being able to obtain documents that he believes would help his case. At least some of the medical reports he refers to, however, were available to him and contained in the record. See I R. tab 27. The record indicates that the tapes and other IBP documents he requested do not exist. See I R. doc. 21. Because they are documents concerning plaintiff, not personnel records of other IBP employees who allegedly received more favorable treatment than plaintiff, we are satisfied that the additional documents plaintiff seeks would not establish disparate treatment.
 
 
 10
 Summary judgment is mandated, after an adequate time for discovery and upon motion, against a party who " 'fails to make a showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " Aldrich Enters., Inc. v. United States, 938 F.2d 1134, 1138 (10th Cir.1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Plaintiff has failed to meet this threshold burden of demonstrating disparate treatment.[3]
 
 
 11
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The district court found it had jurisdiction over plaintiff's race discrimination charge because it was reasonably related to his national origin complaint. Although the complaint plaintiff filed with the Kansas Human Rights Commission and the EEOC is not in the record on appeal, we agree with the district court that a claim for racial discrimination in this case is a logical extension of his claim for national origin discrimination based on his Kenyan citizenship; such a charge is reasonably related to race discrimination. See Brown v. Hartshorne Public School District # 1, 864 F.2d 680, 682 (10th Cir.1988); see also Lazuran v. Kemp, 142 F.R.D. 466, 469 (W.D. Wash.1991) (citing several federal district courts that have allowed claims based on race where the initial EEOC charge was only national origin, because "a claim based on race was merely a refinement of the claim based on national origin")
 
 
 [3]
 Although plaintiff does not specifically raise the issue, we also have reviewed the district court's outright dismissal of certain allegations as not properly before that court. The district court correctly determined that any alleged discrimination occurring in September 1989 was both time-barred and had not been the subject of plaintiff's administrative charge of discrimination