**T. E. STONER, Administrator of the Estate of James Kenneth Crowe, Plaintiff-Appellee,**

v.

**William S. TERRANELLA, Defendant-Appellant.**

**No. 17029.**

United States Court of Appeals
Sixth Circuit.

Jan. 30, 1967.

Wayne J. Carroll, of Jones, Ewen, Mac-Kenzie & Peden, Louisville, Ky., for appellant.

Jack Q. Heath, Louisville, Ky., for appellee.

Before CELEBREZZE and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

JOHN W. PECK, Circuit Judge.

On June 29, 1964, a head-on collision occurred in Nelson County, Kentucky, between a tractor-trailer driven by appellant Terranella (hereinafter "appellant"), and owned by defendant Glenos, and an automobile driven by James Crowe. Crowe was killed, substantial damage was done to the tractor-trailer, and appellant was injured. Stoner, as administrator of Crowe's estate, appellee herein, filed a complaint against both Terranella and Glenos. Both defendants filed answers and defendant Glenos filed a counterclaim for property damage to the truck. At that time no counterclaim was filed by appellant and on July 17, 1965, the Kentucky statute of limitations expired, barring personal injury claims against the decedent's estate. Subsequently, on September 13, 1965, appellant filed a motion for leave to file an amended answer and a counterclaim for his personal injuries. The district judge sustained the motion for leave to file an amended answer, but overruled the motion with respect to the counterclaim for personal injuries, holding that it was barred by limitations. After defendant Glenos received a $3,000 judgment on his counterclaim for property damage, based on a jury verdict, appellant sought review of the order barring his counterclaim. Jurisdiction is based on diversity of citizenship.

In his original answer appellant alleged that the accident in question resulted solely from the negligence of Crowe, or in the alternative, that Crowe's negligence contributed thereto. Appellant thus contends that since the claim asserted by way of counterclaim in the amended pleading, based on Crowe's negligence, arose out of the "conduct, transaction, or occurrence" set forth in the original answer, his counterclaim relates back to the date of the original pleading pursuant to Rule 15(c), Federal Rules of Civil Procedure. The district judge implicitly held that the counterclaim did not relate back to the date of the original pleading in light of his ruling that the counterclaim was barred, and it is this question which is before us here.

■ A threshold question arises as to which law should govern in this situation. While appellant contends that the amendment of the original pleading presents a procedural question governed by Rule 15 (c), Federal Rules, appellee argues that the claim for personal injuries is barred by the laws of Kentucky and that it is thus barred in the federal court under the *Erie* doctrine. Although the principle of relation back is embodied in Rule 15(c), many courts have looked to state

law on this issue since the principle is so closely related to the statute of limitations. See cases cited in 3 Moore, Federal Practice ¶ 15.15[2], p. 1017 (2d ed.); 1A Barron & Holtzoff, Federal Practice and Procedure, § 448.1 (Wright ed.). The Supreme Court recently held in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), that where a state law and a Federal Rule conflict, the Federal Rule must prevail if it neither exceeds the congressional mandate embodied in the Rules Enabling Act, nor transgresses constitutional bounds. Before a Federal Rule will be deemed controlling, however, it must be shown that the Rule is applicable to the situation confronting the court:

"It is true that there have been cases where this Court has held applicable a state rule in the face of an argument that the situation was governed by one of the Federal Rules. But the holding of each such case was not that *Erie* commanded displacement of a Federal Rule by an inconsistent state rule, but rather that the scope of the Federal Rule was not as broad as the losing party urged, and therefore, there being no Federal Rule which covered the point in dispute, *Erie* commanded the enforcement of state law." Id. at 470, 85 S.Ct. at 1143.

Thus the initial question narrows to an inquiry of whether Rule 15(c) applies to the amended pleading tendered by appellant.

■■ Although neither party cited or relied upon Rule 13(f), Federal Rules of Civil Procedure, and although there is no indication that this Rule was considered at the trial level, comment concerning it seems appropriate. Rule 13(f) provides:

"**Omitted Counterclaims.** When a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

With respect to the scope of this Rule, it is clear that it provides a remedy for setting up omitted counterclaims which is separate and apart from the remedy provided in Rule 15(a) dealing with pleading amendments in general. While Rule 13(f) provides that an omitted counterclaim may be set up only by leave of court, under Rule 15 a pleading may be amended at any time within 20 days after it is served "if the pleading is one to which no responsive pleading is permitted [e. g., an answer only, without a counterclaim] * * *." Thus, the courts which have passed upon motions for leave to file amended pleadings embracing previously omitted counterclaims have generally considered only Rule 13(f), and not Rule 15. Kirbens v. Wodis, 295 F.2d 372 (7th Cir. 1961); Runkle v. Nong Kimny, 105 U.S.App.D.C. 285, 266 F.2d 689 (1959); Safeway Trails, Inc. v. Allentown & Reading Transit Co., 185 F.2d 918 (4th Cir. 1950); cf. National Equip., Rental Ltd. v. Fowler, 287 F.2d 43 (2d Cir. 1961). But see Smith Contracting Corp. v. Trojan Const. Co., 192 F.2d 234 (10th Cir. 1951) (Rule 15(a) is read in conjunction with 13(f) to the extent that the phrase "leave shall be freely given when justice so requires" is deemed controlling). We conclude that the remedies provided by the two rules are mutually exclusive in the sense that an amendment asserting a previously omitted counterclaim, such as was attempted in the instant case, is made pursuant to Rule 13(f) and not Rule 15(a). Consequently, since Rule 15(c) is applicable only to amendments made pursuant to Rule 15(a) (1A Barron & Holtzoff, op cit. supra at § 448, pp. 757, 760), amendments made pursuant to Rule 13(f) do not relate back to the original pleadings.

Appellant here does not claim that his tendered amendment relates back under Kentucky law. Indeed, although no case factually similar to the one at bar has been cited to or found by the court, it appears that Kentucky would not permit an amended pleading to relate back in this situation as Kentucky takes a very narrow view of amendments which properly relate back. Totten v. Loventhal, 373 S.W.2d 421 (Ky.1963). In addition, under Kentucky law counterclaims seeking

affirmative relief are treated as original petitions for purposes of statutes of limitations, and the limitations statutes are not tolled by the filing of the original petition. Winkle v. Jones, 265 S.W.2d 792 (Ky.1954); Harvey Coal Corp. v. Smith, et al., 268 S.W.2d 634 (Ky.1954). Accordingly, no error was committed by the District Court in refusing to grant leave to file the counterclaim proffered by appellant and the judgment of the District Court is affirmed.