**Vance K. BUTLER, Jr., Plaintiff,**

v.

**T. R. POFFINBERGER and M. & S. Motors, Inc., Defendants.**

**Civ. A. No. 68–11–M.**

United States District Court,
N. D. West Virginia.

Jan. 29, 1970.

---

3. Default judgment in the Woods case was entered in the amount of $270. Here, by defendant's computation he owes

plaintiff the sum of $9,000 leaving a difference between that figure and the $25,000 plus default judgment of $14,000.

Lacy I. Rice, Jr., Richard L. Douglas, Rice, Hannis, Rice & Wagner, Martinsburg, W.Va., for plaintiff.

Archibald McDougall, Martinsburg, W.Va., for defendant T. R. Poffinberger.

Clarence E. Martin, Jr., Martin & Seibert, Martinsburg, W.Va., for defendant M. & S. Motors, Inc.

MAXWELL, Chief Judge.

The above styled case is presently before the Court on consideration of defendant Poffinberger's motion for leave to assert a counterclaim by amendment, under Rule 13(f) of the Federal Rules of Civil Procedure. Plaintiff, Vance K. Butler, Jr., resists the motion because the two year West Virginia statute of limitations has expired. W.Va.Code § 55–2–12 (Michie 1966). Plaintiff contends that Rule 15(c) of the Federal Rules of Civil Procedure, governing the relation back of amendments, does not apply to omitted counterclaims established by amendment.

The general factual context of this motion appears from the briefs, affidavits and other communications to the Court submitted by the concerned parties. On June 10, 1967, a collision occurred between a vehicle operated by plaintiff Butler and a second vehicle operated by defendant Poffinberger and owned by his employer and co-defendant, M. & S. Motors, Inc. Whether defendant Poffinberger was within the scope of his employment at the time of the collision appears to be a controverted question.

Plaintiff filed suit in this Court on December 27, 1968, against both defendants. Copies of the complaint and summons were served upon the single attorney who represented them in this action. On January 6, 1969, defendants filed an answer which contained no counterclaim. The third defense within that answer, nevertheless, alleged that "Plaintiff was guilty of negligence which proximately contributed in whole or in part to the accident described in the complaint."

Defendant Poffinberger asserts that his first actual notice of the suit came on January 23, 1969. Furthermore, Poffinberger declares that on numerous occasions he told the attorney handling the defense to counterclaim for injuries he had received as a result of the accident and had been informed that the matter "was being taken care of." On March 17, 1969, he claims that the same attorney informed him that he was then defending the suit for the insurance carrier of M. & S. Motors and offered to file a "countersuit" for him. In his affidavit, however, Poffinberger goes on to state that at a subsequent conference with the attorney, he was orally advised to employ other counsel. In a letter to the Court dated September 26, 1969, the attorney confirms this allegation by stating that in May of 1968, about a month before the two year statute of limitations was to run, he told Poffinberger he would not prosecute the counterclaim. The attorney also stated in

the above letter to the Court that he was unconcerned about the controlling statute of limitations, W.Va.Code § 55–2–12 (Michie 1966), because he felt that plaintiff's complaint had suspended the same.

At this point it might be mentioned that the applicable West Virginia law is unclear since the adoption of the new Rules of Civil Procedure in 1960. The only located expression on the issue finds that the filing of the complaint does not toll the statute of limitations in order to allow the filing of a counterclaim after expiration of that statute. Keckley v. Payton, 157 F.Supp. 820 (N.D.W.Va.1959). *See also,* 12 Michie's Jurisprudence of Virginia and West Virginia, Limitation of Actions, § 42 (1950).

Defendant Poffinberger did not file his motion for leave to amend the answer until September 23, 1969. In his affidavit supporting his motion for leave to amend, Poffinberger also says that until April 7, 1969, he was preoccupied with an application, ultimately successful, before the Department of Health, Education and Welfare to secure disability benefits.

Defendant's motion for leave to assert his counterclaim by amendment raises two questions: (1) whether defendant's allegations of fact bring him within the Rule 13(f) provisions allowing late amendments and (2) whether the amendment, if allowed, should relate back to the original answer, thus avoiding the statute of limitations.

■ Rule 13(f) of the Federal Rules of Civil Procedure states:

When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.

Upon consideration of all the facts set forth above, the Court is obliged to find that defendant's failure to assert his counterclaim earlier was because of inadvertence and excusable neglect and, furthermore, that justice requires allowance of the amendment.

■ The more difficult question of whether defendant's motion to amend the answer should relate back to the date of his original answer depends upon whether Rule 15(c) embraces amendments made under Rule 13(f). Rule 15(c) states in pertinent part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Measuring defendant's proposed amendment against the language of Rule 15(c), the assertion of negligence certainly "arose out of" the precise "conduct, transaction or occurrence" on which the answer focused. It will be remembered that the answer even contained a defensive allegation of plaintiff's negligence.

Recent cases, however, have held that Rule 15(c) governing "relation back" applies only to amendments made pursuant to Rule 15(a), and not to the assertion of omitted counterclaims by amendment as allowed under Rule 13(f). Stoner v. Terranella, 372 F.2d 89 (6th Cir. 1967); Goldlawr, Inc. v. Schubert, 268 F.Supp. 965 (E.D.Pa.1967). The first time assertion of a counterclaim by amendment under Rule 13(f) is qualitatively different from modification of a claim or defense already asserted, as authorized by Rule 15(a). If Rule 13(f) were absent, there would be substantial doubt as to whether Rule 15(a) would allow assertion of a counterclaim by amendment. As the rules stand however, the amending procedure here at issue is sanctioned by Rule 13(f) which employs slightly different criteria than Rule 15(a).

In spite of the well reasoned decision by the Sixth Circuit in Stoner v. Terranella, *supra,* which is for present pur-

poses indistinguishable from the instant case, it is the opinion of this Court that Rule 15(c) applies to amendments countenanced by Rule 13(f). No case from the Fourth Circuit Court of Appeals has come to the Court's attention on this particular question. First, there is nothing in the language of Rule 15(c) to indicate that it applies only to amendments under Rule 15(a). Rule 15(c) speaks only of "amendments." If the Rule was meant to encompass less than all of the amendments authorized by the Federal Rules, one would expect some indication of that fact within the Rule. Secondly, the criteria established by Rule 15(c) can be satisfied by at least some Rule 13(f) amendments. As shown above, the amendment in the instant case meets all of the tests prescribed by Rule 15(c).

Therefore, it is determined in this action that defendant Poffinberger's proffered amendment is effective to amend his original answer and that such amendment relates back to the date that the answer was filed.