**Marty L. MILAM, Plaintiff,**

v.

**MASSEY–FERGUSON, INC., Defendant.**

**Civ. A. No. J82–0702(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

March 8, 1984.

James G. McIntyre, E. Reeves Jones, Jackson, Miss., for plaintiff.

Roy D. Powell, Jackson, Miss., for defendant.

## MEMORANDUM ORDER AND OPINION

BARBOUR, District Judge.

On December 6, 1982, Plaintiff Marty L. Milam filed suit in state court seeking to recover damages for breach of warranty arising out of the sale and use of a hay baler which was purchased by him from Defendant Massey-Ferguson, Inc. The machine had been repossessed by the Defendant, who had sold it on June 4, 1982, in accordance with the terms of the security agreement which had been executed by the parties at the time of the original sale. The Defendant removed the case to federal court and filed its answer on December 30, 1982, asserting certain affirmative defenses. On May 23, 1983, the Defendant filed an amended answer containing a counter-

claim which demanded judgment against the Plaintiff for the amount of the deficiency remaining on the note of Plaintiff after deducting the proceeds of the sale of the collateral. On motion duly made by Plaintiff, this amended answer, including the counterclaim, was stricken because Defendant had failed to obtain leave of the Court to file it under the requirements of Rule 15(a) of the Federal Rules of Civil Procedure.

On June 20, 1983, the Defendant re-filed its amended answer including its counterclaim after properly obtaining leave of the Court under Rule 15(a).

Plaintiff has filed his Motion for Partial Summary Judgment as to Defendant's counterclaim for the deficiency on the basis of the Mississippi statute of limitations for the collection of deficiencies. Suits for the collection of such deficiencies must be filed within one year after the sale of the collateral. *Miss.Code Ann.* § 15–1–23 (1972).

The Defendant argues that its counterclaim filed under the provisions of Rule 13(f) of the Federal Rules of Civil Procedure should relate back to the filing of its original answer under the provisions of Rule 15(c). Rule 15(c) states in pertinent part:

**Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Rule 13(f) provides:

When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.

Thus the Defendant claims that it is making this counterclaim by amendment under Rule 13(f) and that under Rule 15(c) the properly filed counterclaim relates back to the time of the filing of its original answer and is, therefore, not barred by the one year statute of limitations.

This issue has recently been addressed in the case of *Rohm and Haas Co. v. Dawson Chemical Co., Inc.*, 557 F.Supp. 739 (S.D. Tex.1983). There Judge Bue stated the question and his conclusion as follows:

... it is necessary to address the novel argument of Rohm and Haas regarding the applicability of the relation back doctrine of Rule 15(c). Essentially, Rohm and Haas contends that the relation back doctrine of Rule 15(c) is inapplicable to counterclaims, since counterclaims are controlled by Rule 13(f) which contains no provision for relation back. Although a thorough search of the reported case law has uncovered very little authority either in support of or in opposition to the Rohm and Haas argument, the Court concludes that such an assertion is inconsistent with a fair and reasonable reading of the applicable rules of procedure. Despite plaintiff's reliance on *Stoner v. Terranella*, 372 F.2d 89 (6th Cir.1967), the Court is of the opinion that Rules 13(f) and 15(c) are not mutually exclusive. As discussed in *Butler v. Poffinberger*, 49 F.R.D. 8, 11 (N.D.W.Va.1970):

First, there is nothing in the language of Rule 15(c) to indicate that it applies only to amendments under Rule 15(a). Rule 15(c) speaks only of 'amendments'. If the Rule was meant to encompass less than all of the amendments authorized by the Federal Rules, one would expect some indication of that fact within the Rule. Secondly, the criteria established by Rule 15(c) can be satisfied by at least some Rule 13(f) amendments. As shown above, the amendment in the instant case meets all of the tests prescribed by Rule 15(c).

*See also, Diematic Mfg. Corp. v. Packaging Indus., Inc.*, 412 F.Supp. 1367, 1374 (S.D.N.Y.1976); 3 J. Moore, *Moore's Federal Practice, supra* ¶ 13.33 at 13–848 n. 6; 6 C. Wright and A. Miller, *Federal Practice and Procedure* § 1496, at 486–88 (1971). Accordingly, plaintiff's claim that Rule 15(c) has no application to counterclaims, and particularly to the

counterclaims being pursued by Crystal, is without merit.

*Rohm,* 557 F.Supp. at 825–26.

The Circuit Court of Appeals for the Sixth Circuit reached a different conclusion in *Stoner v. Terranella,* 372 F.2d 89 (6th Cir.1967) in which it held that amendments made pursuant to Rule 13(f) do not relate back to the original pleadings.

By filing suit the Plaintiff in this action obviously was aware of the events surrounding the transaction or occurrence constituting the basic facts of this action and would clearly have preserved all relevant evidence. Furthermore, the Plaintiff was aware of the counterclaim by the Defendant's attempted amendment to include it. This provided notice to the Plaintiff of the action, if the Plaintiff was not already on notice by the institution of his own law suit. There is no reason to suspect that the inclusion of this counterclaim will unduly prejudice the Plaintiff.

This Court agrees with the reasoning of *Rohm and Haas Co. v. Dawson Chemical Co., Inc.* and accordingly holds that the amendment filed under Rule 13(f) relates back under Rule 15(c) to the time of the filing of the Defendant's original answer in this matter and that the Plaintiff's assertion that the Defendant's claim for the deficiency is barred by the statute of limitations is without merit.

It is unnecessary to reach the question of whether *Miss.Code Ann.* § 15–1–69 (1972) saves this claim in light of this Court's determination that Rule 15(c) allows the amendment asserting the counterclaim to relate back to the original filing of this Complaint. Accordingly, the Plaintiff's Motion for Partial Summary Judgment is denied.