LOCAL 1316, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Plaintiff,

v.

SUPERIOR CONTRACTORS AND ASSOCIATES, INC., Defendant.

Civ. A. No. C84–309A.

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 9, 1985.

James T. Langford, Jacobs & Langford, Atlanta, Ga., for plaintiff.

Ronald L. Mason, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendant.

## ORDER

MOYE, Chief Judge.

This labor management relations action is before the Court on the plaintiff's motion that the order of 28 August 1985 be reconsidered. That order permitted the defendant's amended counterclaim to relate back to the date of the original pleading pursuant to Federal Rule of Civil Procedure 15(c). The basis for this motion is that the defendant relied on rule 13(f), pertaining to the establishment of omitted counterclaims by amendment, rather than rule 15(c), pertaining to the relation back of amended pleadings generally. The plaintiff relies on one case, *Stoner v. Terranella*, 372 F.2d 89, 91 (6th Cir.1967), holding that the remedies provided by the two rules are mutually exclusive and amendments made under rule 13(f) do not relate back to the date of the original pleading. If relation back were not permitted in the instant case, the defendant's counterclaim would be barred by the statute of limitations.

Although the issue presented by this motion is one of first impression in this circuit, the *Stoner* decision has been discredited by one of the preeminent commentators, 3 J. Moore, *Moore's Federal Practice* ¶ 13.33, at 13–200 n. 7 ("this view seems unduly narrow"), and the weight of recent authority stands firmly against it.

In this regard, the Second Circuit Court of Appeals reasoned as follows:

The Federal Rules are to be construed so as to secure the just determination of every action, Fed.R.Civ.P. 1, and trial courts in this Circuit have accordingly

ruled that a counterclaim amended pursuant to Rule 13(f) may relate back to the date of the original answer when the counterclaim arises out of the same transaction that was pleaded in the answer and there is no prejudice to the opposing party's ability to defend the merits of the counterclaim.... This practice is approved by the leading commentators.

*Banco Para El Comercio Exterior de Cuba v. First National City Bank,* 744 F.2d 237, 243 (2d Cir.1984). Rule 15(c) provides in pertinent part: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." This Court agrees that the amendment should relate back if it meets the requirements of rule 15(c). *Accord Rohm and Haas Co. v. Dawson Chemical Co.,* 557 F.Supp. 739, 825–26 (S.D.Tex.1983); *Diematic Manufacturing Corp. v. Packaging Industries, Inc.,* 412 F.Supp. 1367, 1374 (S.D.N.Y.1976). The Sixth Circuit in *Stoner* held the rule 15(c) "relation back" principle applicable only to amendments made pursuant to rule 15(a) and not to rule 13(f) counterclaim amendments. On this point, the *Butler v. Poffinberger* court said:

> First, there is nothing in the language of Rule 15(c) to indicate that it applies only to amendments under Rule 15(a). Rule 15(c) speaks only of "amendments." If the Rule was meant to encompass less than all of the amendments authorized by the Federal Rules, one would expect some indication of that fact within the Rule. Secondly, the criteria established by Rule 15(c) can be satisfied by at least some Rule 13(f) amendments.

49 F.R.D. 8, 11 (N.D.W.Va.1970). *See generally* 6 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1430, at 159–60 (1971) ("To view the rules as mutually exclusive makes little sense ... in light of the express reference in Rule 13(f) to adding the omitted counterclaim 'by *amendment.*' ").

 In the case at bar, there is no doubt that the defendant's amendment met this standard. The plaintiff had adequate notice of the transactions forming the basis for the amended pleading. The Court noted in its last order that the amendment essentially restated charges made before the National Labor Relations Board and allegations made under state law in the original counterclaim. It is inconceivable that the plaintiff could be prejudiced in maintaining its defense on the merits, nor has it suggested that this is the case.

The motion for reconsideration is DENIED.