**AMERICAN ANNUITY GROUP and Great American Life Insurance Company, Plaintiffs–Appellees,**

v.

**GUARANTY REASSURANCE CORPORATION LIQUIDATING TRUST, as successor in interest to Guaranty Reassurance Corporation, Defendant–Appellant.**

No. 01–3526.

United States Court of Appeals, Sixth Circuit.

Jan. 7, 2003.

Before KEITH, KRUPANSKY, and CLAY Circuit Judges.

PER CURIAM.

Defendant–Appellant Guaranty Reassurance Corporation Liquidating Trust (the "Trust") appeals the grant of summary judgment in favor of the Plaintiffs–Appellees. American Annuity Group and Great American Life Insurance Corporation (collectively "GALIC"). In this appeal, the Trust maintains that its counterclaim was timely filed because it relates back to the date of the original complaint. The Trust also requests that this court overturn our decision in *Stoner v. Terranella,* 372 F.2d 89 (6th Cir.1967) (holding that Fed. R.Civ.P. 13(f) does not permit the relation back of omitted claims). We find that under *Stoner,* the Trust's counterclaim does not relate back, and as a result was not timely filed. Accordingly, we AFFIRM the district court's grant of summary judgment.

On September 19, 1994, GALIC, an Ohio based corporation, contracted to purchase stock from Guaranty Reassurance Corporation ("GRC"), a Florida based company. Shortly after the contract was signed, a dispute over the purchase price arose. In

May of 1995, GALIC brought suit against GRC in the Court of Common Pleas, Hamilton County, Ohio, in order to recover an adjustment in the purchase price. The case was removed to the Southern District of Ohio on the basis of diversity jurisdiction. The district court concluded that there was a latent ambiguity in the contract and awarded GALIC damages. On appeal, we reversed and remanded on the issue of whether the doctrines of mutual mistake and unilateral mistake would permit the reformation of the contract. *American Annuity Group, Inc. v. Guaranty Reassurance Corp.*, 211 F.3d 1268 (6th Cir.2000).

On November 11, 2001, GRC filed an amended counterclaim for reformation of the contract based upon the theories of mutual mistake, unilateral mistake, and fraud. GALIC moved for summary judgment on the grounds that GRC's reformation counterclaim was not timely filed. The district court granted GALIC's motion for summary judgment. The Trust, successor in interest to GRC, now appeals the grant of summary judgment in favor of GALIC.

This court reviews a district court's grant of summary judgment *de novo. See Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 462 (6th Cir.1998). Under this standard, we affirm the district court's grant of summary judgment if the evidence demonstrates that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *See id.* at 462.

At issue in this appeal is whether the Trust's counterclaim relates back to the date of the original complaint filed in 1995. Under Florida law, equitable actions based upon the doctrine of unilateral mistake are subject to a five-year statute of limitations. *See* Fla. Stat. Ann. § 95.11(2)(b). The Trust's counterclaim was filed in 2001, six years after GRC entered into a contract with GALIC. Absent a provision permitting the relation back of the Trust's counterclaim, we must affirm the district court's grant of summary judgment in favor of GALIC.

We reject the Trust's argument that Florida law rather than the Federal Rules of Civil Procedure governs the relation back of the Trust's counterclaim. This court has held that "the question of whether an amendment relates back to the date of the original complaint is a question of federal procedure not controlled by state law even in diversity cases." *Simmons v. South Cent. Skyworker's, Inc.*, 936 F.2d 268, 268 (6th Cir.1991).

Rule 13(f) and Rule 15(b) of the Federal Rules of Civil Procedure grant permission to file amended pleadings in limited circumstances. Rule 13(f) provides that "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed.R.Civ.P. 13(f). In *Stoner v. Terranella*, 372 F.2d 89, 91 (6th Cir.1967) we held that amendments made pursuant to Rule 13(f) do not relate back to the original proceedings. Rule 15(b) permits amended pleadings "when issues not raised by the pleadings are tried by the consent of the parties." Fed.R.Civ.P. 15(b). Amendments made pursuant to Rule 15(b) relate back to the date of the original complaint.

We conclude that the district court properly construed the Trust's counterclaim as an omitted claim filed under Rule 13(f), because there is no evidence that both parties explicitly or implicitly consented to try this issue. Applying *Stoner*, the Trust's counterclaim does not relate back to the original complaint. Consequently, we affirm the district court's grant of sum-

mary judgment on the grounds that the Trust's counterclaim was not timely filed.

We also deny the Trust's request that this court overturn our decision in *Stoner.* One panel of this court cannot overrule the decision of another panel unless "an inconsistent decision of the United States Supreme Court requires modification of the decision or this court sitting en banc overrules the prior decision." *See Salmi v. Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985). In this appeal, neither of these conditions are satisfied. Consequently, we cannot overturn our decision in *Stoner.*

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.