**John F. SWEENEY, as Trustee for the Miami Valley Worldwide, Inc. Profit Sharing Plan, Plaintiff,**

v.

**Dan E. ALLEN, Defendant.**

**No. 3:05cv389.**

United States District Court,
S.D. Ohio,
Western Division.

July 9, 2007.

Diane Leslie Gentile, Cooper & Gentile Co., Dayton, OH, for Plaintiff.

Ronald J. Kozar, Dayton, OH, for Defendant.

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM (DOC. # 13); SUSTAINING, IN PART, AND OVERRULING, IN PART, PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND JURY DEMAND (DOC. # 6); OVERRULING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. # 7); AND SUSTAINING DEFENDANT'S MOTION TO STAY SUMMARY JUDGMENT BRIEFING UNDER RULE 56(f) (DOC. # 14); CONFERENCE CALL SET

RICE, District Judge.

Plaintiff filed the instant Complaint on November 11, 2005, pursuant to, 29 U.S.C. § 1132, the Employee Retirement Income Security Act of 1974 ("ERISA"). Doc. # 1. The Defendant Answered on December 30, 2005, (Doc. # 4) and on January 12, 2006, filed a Counterclaim (Doc. # 5). This matter is currently before the Court on the Plaintiff's Motion to Dismiss the Defendant's Counterclaim and Jury Demand (Doc. # 6), the Defendant's Motion for Leave to File Amended Counterclaim (Doc. # 13), the Plaintiff's Motion for Summary Judgment (Doc. # 7) and the Defendant's Motion to Stay Summary Judgment Briefing, filed pursuant to Fed.R.Civ.P. 56(f) (Doc. # 14). Based on the reasoning and citations of authority contained herein, the Plaintiff's Motion to Dismiss (Doc. # 6) is SUSTAINED, in part, and OVERRULED, in part, his Motion for Summary Judgment (Doc. # 7) is overruled, without prejudice, and the Defendant's Motion to Stay Summary Judgment Briefing and the Defendant's Motion for Leave to File an Amended Counterclaim are SUSTAINED.

## I.  FACTUAL BACKGROUND

Miami Valley Worldwide, Inc. ("Worldwide"), is a corporation with its principal place of business in Dayton, Ohio. Doc. # 1, ¶ 2. It sponsors the Miami Valley Worldwide, Inc., Profit Sharing Plan ("the Plan"). *Id.* Plaintiff, John Sweeney, is, and was, the sole trustee of the Plan and a fiduciary as that term is defined by ERISA Section 3(21). *Id.,* ¶¶ 3 and 4. He was also the sole shareholder and president of Miami Valley Worldwide, Inc. Doc. # 13, Att. # 1, Amended Counterclaim, ¶ 8. Defendant Dan Allen was an employee of Worldwide and a participant and beneficiary of the Plan. *Id.,* ¶ 3. On August 12, 2003, the Defendant's employment with Worldwide was terminated.  Doc. # 1, ¶ 7.

On April 29, 2004, the Defendant requested a distribution from the plan.  Doc. # 1, ¶ 9. According to the Defendant, this request was made at the urging of the Plaintiff.  Doc. # 13, ¶ 11.  The parties here were involved in a lawsuit in the Montgomery County Court of Common Pleas.  *Id.,* ¶ 9. They had agreed to a settlement, but, as part of the settlement negotiations, Sweeney demanded that Allen request a distribution of his holdings in the Plan. *Id.,* ¶¶ 10 and 11.

On May 18, 2004, the Plan issued a check to the Defendant in the amount of $177,579.07 and he deposited the proceeds of the check into another retirement account.  Doc. # 1, ¶ 11;  Doc. # 13, ¶ 4. According to the terms of that other account, he would be subject to penalties, taxes and other adverse consequences should he withdraw the money prior to turning 65.  Doc. # 13, ¶ 4. The Plaintiff contends that, according to the terms of the Plan, the Defendant was only entitled to $159,863.47.  Doc. # 1, ¶ 10.  The Plaintiff seeks to recover the amount of overpayment and the Defendant seeks, among other things in his counterclaim, a set off

for the taxes and penalties he would have to pay should he withdraw the money from its present account. The Plaintiff asks that the Court dismiss the Defendant's Counterclaim and seeks Summary Judgment on his claims against the Defendant. For analytical reasons, the Court will first address the Plaintiff's Motion to Dismiss the Defendant's counterclaim and jury demand (Doc. # 6) and the Defendant's Motion to File Amended Counterclaim (Doc. # 13). The Court will then address the Plaintiff's Motion for Summary Judgment (Doc. # 7) and the Defendant's Motion to Stay Summary Judgment Briefing Under Rule 56(f) (Doc. # 14).

## II. ANALYSIS

1. *Motion to Dismiss Counterclaim and Jury Demand and Motion to Amend Counterclaim (Doc. # 13)*

■ The Plaintiff seeks to have the Defendant's Counterclaim dismissed, arguing that it is preempted by ERISA and was untimely filed. Doc. # 6. In response, the Defendant argues that the Counterclaim was filed in a timely manner and seeks leave to amend same to assert his claims as arising under ERISA. Defendant filed his Answer on December 30, 2005. Doc. # 4. Two weeks later, on January 12, 2006, he filed his Counterclaim. Doc. # 5.

Rule 13(f) provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed.R.Civ.P. 13(f). The Defendant argues that, pursuant to Rule 15(a), he had 20 days to amend his answer, and therefore his Counterclaim was timely filed. This argument is unavailing. While Rule 15(a) provides that a pleading may be amended at any time within 20 days after it is served "if the

pleading is one to which no responsive pleading is permitted . . .," under Rule 13(f), an omitted counterclaim may be set up only by leave of court. "With respect to the scope of Rule 13(f), it is clear that it provides a remedy for setting up omitted counterclaims which is separate and apart from the remedy provided in Rule 15(a)." *Stoner v. Terranella,* 372 F.2d 89, 91 (6th Cir.1967). "[T]he remedies provided by the two rules are mutually exclusive in the sense that an amendment asserting a previously omitted counterclaim . . ., is made pursuant to Rule 13(f) and not Rule 15(a)." *Id.* Consequently, pursuant to Rule 13(f), the Defendant must seek the leave of the Court to add a counterclaim. While he failed to do so at the time that he originally filed his counterclaim, he has since done so. *See* Doc. # 12 and Doc. # 13.

■ The decision to allow amendment in order to add an omitted counterclaim "is a matter of judicial discretion. . . ." *Budd Co. v. Travelers Indem. Co.,* 820 F.2d 787, 791 (6th Cir.1987) (quoting 6 CHarles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1430 at 155 (1971)). "The clause in Rule 13(f) permitting amendments 'when justice requires' is especially flexible and enables the court to exercise its discretion and permit amendment whenever it seems desirable to do so." *Id.* at 791–92; *see also Silvers v. TTC Industries,* 484 F.2d 194, 198 (6th Cir.1973) (leave to amend pursuant to Rule 13(f) should be freely granted). In exercising its discretion under Rule 13(f), the district court must balance the equities, "including whether the non-moving party will be prejudiced, whether additional discovery will be required, and whether the court's docket will be strained." *Budd Co.,* 820 F.2d at 792 (citations omitted). Courts are particularly hesitant to deny amendment, even at late stages in the proceedings, when the inter-

est in resolving all related issues militates in favor of such a result and no prejudice is demonstrated. *Id.* (citations omitted).

■ The Plaintiff does not argue that the Defendant's proposed Amended Counterclaim would result in prejudice, rather he opposes them arguing that the Counterclaim is preempted by ERISA (Doc. # 6 at 2–3) and that the Defendant lacks standing to assert claims under that legislation (Doc. # 16 at 2–3). As all of the claims in the Defendant's Amended Counterclaim are made pursuant to ERISA, the only questions material to this Court's analysis are whether he should be allowed to amend his Answer to assert his claims, and whether he has standing to assert such. Regarding standing, the Plaintiff argues that the check sent to the Defendant in 2004 encompassed all of the benefits he was entitled to under the plan and, as he has received all benefits he was entitled to, he is not a plan "participant" and therefore lacks standing to assert claims pursuant to ERISA. Doc. # 16 at 2. This argument is unavailing.

■ Only "participants," "beneficiaries," "fiduciaries," and the Secretary of Labor may bring an action under ERISA. 29 U.S.C. § 1132. Under § 3(7) of ERISA, "participant" is defined as "any employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . ." 29 U.S.C. § 1002(7). In *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court further defined this term, stating, with regard to former employees, that "participant" is "naturally read to mean . . . employees who 'have . . . a reasonable expectation of returning to covered employment' or who have 'a colorable claim' to vested benefits." *Id.* at 117, 109 S.Ct. at 958 (citations omitted). The Court defined a "colorable claim to vested bene-

fits" as a colorable claim that (1) the person will "prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Id.* at 117–18, 109 S.Ct. at 958.

■ In *Teagardener v. Republic–Franklin Inc. Pension Plan,* 909 F.2d 947 (6 th Cir.1990), *cert. denied,* 498 U.S. 1027, 111 S.Ct. 678, 112 L.Ed.2d 670 (1991), the Sixth Circuit applied the reasoning of *Bruch,* and concluded that employees cease to be "participants" in a plan when they effectively terminate all their rights under the plan. *Id.* at 952. The definition of "participant" "excludes retirees who have accepted the payment of everything due them in a lump sum, because these erstwhile participants have already received the full extent of their benefits and are no longer eligible to receive future payments." *Id.* (quoting *Joseph v. New Orleans Elect. Pension and Retirement Plan,* 754 F.2d 628, 630 (5th Cir.), cert. denied,474 U.S. 1006, 106 S.Ct. 526, 88 L.Ed.2d 458 (1985)). As the plaintiffs in *Teagardener* were no longer members of the plan at issue, they had no right to the plan's benefits. *Id.* Thus, they did not have a colorable claim to vested benefits, and could not be "participants" within the meaning of § 1002(7). *Id.* at 952. While *Teagardener* would seem to support the Plaintiff's position, it does not apply to the facts as they are currently before this Court.

■ Since *Teagardener,* the Sixth Circuit has noted that the Supreme Court's definition of the ERISA term "participant" was developed outside of the standing context. *See Astor v. International Business Mach. Corp.,* 7 F.3d 533, 538 (6th Cir. 1993). In construing § 1002(7) of ERISA in conjunction with traditional standing concepts, the Sixth Circuit has developed an exception to the general rule that a

person who terminates his right to belong to a plan cannot be a "participant" in that plan. Specifically, if the employer's breach of fiduciary duty causes the employee to either give up his right to benefits or to fail to participate in a plan, then the employee has standing to challenge that fiduciary breach. *Astor,* 7 F.3d at 539. "Otherwise, a fiduciary could defeat an employee's standing to bring an ERISA action by duping him into giving up his right to participate in a plan." *Swinney v. General Motors Corp.,* 46 F.3d 512, 518–19.

The Sixth Circuit has already considered and rejected the argument raised here by the Plaintiff. In *Astor,* the employer argued that the employees lacked standing because they had "received everything they were entitled to receive under the terms of the plan," and were therefore, no longer plan participants protected by ERISA's provisions. 7 F.3d at 538. That position was rejected because:

> In determining who is a "participant," for purposes of standing, the definition found in 29 U.S.C. § 1002(7) must be read in the context of traditional concepts of standing, not in the context of adjudicating the ultimate issue of the merits of plaintiffs' claim.... The doctrine of standing is concerned with whether a person is the proper party to request adjudication of a particular issue, whether a person has alleged such a personal stake in the outcome of a justiciable controversy that he should be entitled to obtain its judicial resolution. Standing focuses on a person's effort to get his complaint before a court and not on the issue he wishes to have adjudicated.

*Id.* at 539 (citation omitted). The Defendant, in his Amended Counterclaim, alleges that the Plaintiff coerced him into requesting the disbursement. Doc. # 13, Att. # 1, ¶ 8–9. This allegation is sufficient to confer standing upon the Defendant to make claims pursuant to ERISA. *See Astor,* 7 F.3d at 539; *see also Drennan v. General Motors Corp.,* 977 F.2d 246, 250 (6th Cir.1992); *Shahid v. Ford Motor Co.,* 76 F.3d 1404 (6th Cir.1996).

■ While the Defendant, according to Sixth Circuit law, has standing to make claims pursuant to ERISA, the Court must still determine whether it will grant him leave to file his Amended Counterclaim. The decision to allow amendment in order to add an omitted counterclaim "is a matter of judicial discretion...." *Budd Co.,* 820 F.2d at 791 as earlier discussed, exercising its discretion under Rule 13(f), the district court must balance the equities, "including whether the non-moving party will be prejudiced, whether additional discovery will be required, and whether the court's docket will be strained." *Id.* at 792 (citations omitted). Here, the Plaintiff has not demonstrated that it will in anyway be prejudiced by the Defendant's filing of his Amended Counterclaim. Further, the parties have yet to conduct discovery, consequently discovery on the Defendant's Amended Counterclaim would not add any significant additional burden to the parties. Finally, allowing the Defendant to file his Amended Counterclaim would have little impact on the Court's docket. The allegations raised by the Defendant in his Amended Counterclaim are directly related to the Plaintiff's claims and the Plaintiff has not demonstrated that he will be prejudiced by the filing of such. Consequently, the Defendant's Motion for Leave to File Amended Counterclaim (Doc. # 13) is SUSTAINED and, to the extent the Plaintiff seeks to dismiss the Defendant's Counterclaim on the ground that same is preempted by ERISA and untimely filed, his Motion to Dismiss (Doc. # 6) is OVERRULED, pursuant to the above reasoning.

824

## 2. *Motion to Dismiss Jury Demand*

■ In addition to seeking dismissal of the Defendant's Counterclaim, the Plaintiff objects to the Defendant's jury demand.[1] Doc. # 6 at 4; Doc. # 16 at 3–4. The Plaintiff argues that, as the claim he has raised is made pursuant to ERISA, the Defendant is not entitled to a jury. *Id.* The Defendant, relying on *Carpenters Health and Welfare Trust v. Vonderharr,* 384 F.3d 667, 671 (9th Cir.2004), argues that, although restitution is generally an equitable remedy, the type of restitution sought by the Plaintiff herein is a legal remedy, and therefore a right to a jury trial exists. Doc. # 12 at 4–5. The Defendant's argument is not well taken.

"[R]estitution is a legal remedy when ordered in a case at law and an equitable remedy ... when ordered in an equity case," and whether it is legal or equitable depends on "the basis for [the plaintiff's] claim" and the nature of the underlying remedies sought.

In cases in which the plaintiff "could not assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him," the plaintiff had a right to restitution at law through an action derived from the common-law writ of *assumpsit.* In such cases, the plaintiff's claim was considered legal because he sought "to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money." Such claims were viewed essentially as actions at law for breach of contract (whether the contract was actual or implied).

In contrast, a plaintiff could seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession. A court of equity could then order a defendant to transfer title (in the case of the constructive trust) or to give a security interest (in the case of the equitable lien) to a plaintiff who was, in the eyes of equity, the true owner. But where "the property [sought to be recovered] or its proceeds have been dissipated so that no product remains, [the plaintiff's] claim is only that of a general creditor," and the plaintiff "cannot enforce a constructive trust of or an equitable lien upon other property of the [defendant]." Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.

*Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 212–14, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002) (citations omitted). Here, the Plaintiff seeks restitution of funds held by the Defendant which the Plaintiff claims rightfully belong to the Plan. His claim is essentially an equitable one. *Compare Knudson,* 534 U.S. at 215, 122 S.Ct. 708 ("The basis for petitioners' claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to some funds for benefits that they conferred. The kind of restitution that petitioners seek, therefore, is not equitable—the imposition of a con-

1. Though the Court has OVERRULED the Plaintiff's Motion to Dismiss the Defendant's Counterclaim, as the Defendant's Jury Demand is directed at the Plaintiff's claim, see Doc. # 4, Doc. # 5 and Doc. # 12, the Plaintiff's motion, to the extent it objects to the Defendant's Jury Demand, is still viable.

structive trust or equitable lien on particular property—but legal—the imposition of personal liability for the benefits that they conferred upon respondents."), *with Sereboff v. Mid Atlantic Medical Services, Inc.,* — U.S. —, —, 126 S.Ct. 1869, 1874, 164 L.Ed.2d 612 (2006) (defendant's claim for restitution was equitable as it sought identifiable funds in an investment account within the plaintiffs' possession and control). Further, Plaintiff's claim is made pursuant to Section 502(a)(3) of ERISA. Doc. #1, ¶5. In *Daniel v. Eaton Corp.,* 839 F.2d 263, 268 (6th Cir.1988), the Sixth Circuit stated that: "[a]lthough there may be actions under ERISA in which a jury trial is proper, ... under section 502 [29 U.S.C. § 1132], 'there is no right to a jury trial.'" (citation omitted). As the relief sought by the Plaintiff is equitable in nature, the Defendant is not entitled to a jury. To the extent the Plaintiff seeks to strike the Defendant's jury demand, his Motion to Dismiss is SUSTAINED.

Based upon the foregoing, the Plaintiff's Motion to Dismiss Defendant's Counterclaim and Jury Demand (Doc. #6) is SUSTAINED, in part, and OVERRULED, in part.

### 3. *Motion for Summary Judgment*

█ In addition to seeking dismissal of the Defendant's Counterclaim, the Plaintiff has also sought summary judgment on his claims against the Defendant. In doing so, he argues that the facts are such that he is entitled to the relief sought in his Complaint. Doc. #7 at 6. However, in so arguing, he points to nothing on the record that would support his argument. The Defendant, in seeking to stay summary judgment briefing, notes that no discovery has been conducted, and, as of the filing of the Plaintiff's Motion, the Plaintiff had not made his mandatory disclosures pursuant to Rule 26(a). Doc. #14.

As there has been no discovery in this case, the Plaintiff's Motion for Summary Judgment is premature. *See White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231–32 (6th Cir.1994) ("... a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery"); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Defendant, as the non-movant, bears the obligation to inform the Court of its need for discovery. *Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.,* 280 F.3d 619, 627 (6th Cir.2002). Before a summary judgment motion is decided, the non-movant must file an affidavit pursuant to Fed. R.Civ.P. 56(f) that details the discovery needed, or file a motion for additional discovery. *Id.* Summary judgment should not be granted if the non-movant makes a proper and timely showing of a need for discovery. *See White's Landing Fisheries,* 29 F.3d at 231–32; *see also McKinley v. City of Mansfield,* 404 F.3d 418, 443 (6th Cir.2005). The Defendant has, with his Motion to Stay made such a showing. Doc. #14, Att. #1, Affidavit of Ronald J. Kozar. Where the non-movant has demonstrated the need for additional discovery, courts may "refuse the application for summary judgment or may order a continuance ..." Fed.R.Civ.P. 56(f). As no discovery has been conducted, the Plaintiff has offered no evidence in support of his Motion for Summary Judgment and the Defendant has demonstrated his need to conduct discovery through affidavit, said motion is premature. Consequently, pursuant to Fed.R.Civ.P. 56(f), the Plaintiff's Motion for Summary Judgment is OVERRULED, without prejudice. The Plaintiff may renew said motion at the close of discovery should he so desire.

Based upon the foregoing, the Defendant's Motion to Stay Summary Judgment Briefing Under Rule 56(f) is SUSTAINED, as moot.

## III. CONCLUSION

The Defendant's Motion for Leave to File Amended Counterclaim (Doc. # 13) is SUSTAINED. The Plaintiff's Motion to Dismiss Defendant's Counterclaim and Jury Demand (Doc. # 6) is SUSTAINED, in part, and OVERRULED, in part. The Plaintiff's Motion for Summary Judgment (Doc. # 7) is OVERRULED, without prejudice. The Defendant's Motion to Stay Summary Judgment Briefing under Rule 56(f) (Doc. # 14) is SUSTAINED.

Counsel will note that a telephone conference call will be held, between Court and counsel, beginning at 8:30 a.m. on Thursday, October 26, 2006, to discuss dates and procedures for the resolution of this litigation.